---

(21 App. Div. 357.)

In re OPENING OF WALES AVE.

(Supreme Court, Appellate Division, First Department.　October 8, 1897.)

MUNICIPAL CORPORATIONS—OPENING STREETS—INTEREST ON AWARD.
　　By Consol. Act, § 990, title to lands taken in the opening of a street vests in the city on confirmation of the report of the commissioners of estimate and assessment, in the absence of a resolution of the board of street opening to the contrary. Section 992, before amendment, gave the city four months after confirmation in which to pay the award, and provided that, if not paid, the landowner should have interest on the judgment from the time of his application for the money. By section 958, however, damages for land taken in the Twenty-Third and Twenty-Fourth wards are made payable on confirmation of the report. *Held*, that where land was taken in the Twenty-Third ward without a resolution being made concerning the vesting

of title, and the city chose not to pay the award until after the expiration of four months from confirmation of the report, the landowner was entitled to interest on the award from the time of such confirmation.

Appeal from special term.

Petition by William F. Brugman in the matter of the application of the board of street opening and improvement in the city of New York to acquire title to Wales avenue. From an order directing payment of an award as prayed, but denying the claim for interest thereon, petitioner appeals. Modified.

Argued before PATTERSON, RUMSEY, WILLIAMS, O'BRIEN, and PARKER, JJ.

Edward G. Black, for appellant.

Matthew P. Ryan, for respondent.

RUMSEY, J. On the 18th day of June, 1896, the report of the commissioners of estimate and assessment in this proceeding was finally confirmed by the court. Among the awards made by those commissioners was one of $22,000 to William F. Brugman, as trustee of Francis S. Brugman, deceased. On the 29th day of July, 1896, the petitioner demanded payment of the award of $22,000 which had been made to him, but it was not paid; and on the 25th day of May, 1897, this motion was made for an order requiring the comptroller to pay to the petitioner the amount of his award and interest. The special term directed the payment of the award without interest, holding that the petitioner was not entitled to interest on his award. From the order thus made, the petitioner appeals. His contention is that he was entitled to interest on the award, and that the court at special term erred in refusing it.

The facts, so far as they are made to appear at all, are set forth in an affidavit of the petitioner and appellant, Brugman. It appears by these facts as stated that the award was confirmed on the 18th day of June, 1896. When the proceedings were begun does not appear, and upon the face of the papers it seems that they are governed by the provisions of chapter 660 of the Laws of 1893, which took effect in the month of May, 1893. Before that statute, it had been prescribed, in section 992 of the consolidation act, that the city had four months after the confirmation of the report in which to pay the amount of the award, and the only provision for interest at that time was that, if the award was not paid, the landowner should be entitled to interest upon the judgment from the time of his application for the money. By the amendment of 1893 it was expressly provided that the damages awarded and interest thereon from the date when the title to the lands should vest in the city of New York should be paid by the city. By the provisions of section 990 of the statute the title to the lands vested in the city of New York at the time of the confirmation of the report, in the absence of any resolution of the board of street opening that the title should vest at any other time. Under this statute, then, the interest began to run from the time when the report was confirmed, and no reason is shown in the papers why this statute should not apply to this case, because there is no suggestion anywhere in the papers that these proceedings were begun before the month of May, 1893, when

this statute took effect. These considerations would seem to dispose of this case, and to require the payment to the appellant of interest upon his award from the 18th day of June, 1896, the time when the report of the commissioners of estimate and assessment was confirmed.

But it is suggested, although there is no proof to that effect in the case, that these proceedings were commenced before the passage of chapter 660 of the Laws of 1893, and therefore the provisions of that law do not apply to them. Laws 1893, c. 660, § 18. Even if this be the case, we are yet inclined to the opinion that the petitioner was entitled to interest from the date of the confirmation of his report. The premises in question in these proceedings were situated in the Twenty-Third ward. The award of damages as to premises in the Twenty-Third ward is controlled by the provisions of section 958 of the consolidation act, by the express terms of which damages are made due and payable at the time of the confirmation of the report. At that time, then, the landowner becomes entitled to the payment of damages which are awarded to him. It is quite true that by section 992 the term of four months is given to the city, after the confirmation of the award, in which to make the payment; but this extension of time given to the city does not make the award of damages for land taken in the Twenty-Third and Twenty-Fourth wards any the less due and payable. The effect of the provision is simply that the landowner is entitled to his money, but during four months he is not permitted to take any steps by way of enforcing its payment, and the city is allowed to detain the money from him during that time for its own purposes, and to suit its own convenience. When money becomes due and payable, the party to whom it is due is entitled to have it paid; and, if the money is not paid, interest is allowed to him by way of damages for its detention. Cutter v. Mayor of New York, 92 N. Y. 166, 170; O'Brien v. Young, 95 N. Y. 428. The fact that the payment is postponed after the debt becomes due, because the debtor does not choose to pay it, and that the law does not give the creditor any right to enforce payment, does not take away the right to interest during the time for which payment is postponed. In this case it appears that the title to the premises vested in the city at the time of the confirmation of the report. Such is the express provision of section 990 of the consolidation act. The award became due and payable at the same time. We have, then, this state of affairs: That the city had the right at once, on the confirmation of the report, to take possession of the petitioner's premises, and he had the right at the same time to insist that his award was payable; but, for the convenience of the city, his right to take steps to enforce the payment of the award was postponed for four months. This is clearly a case where the interest on the award should be given as compensation for the use of the premises, the right to which was taken away from the landowner by that confirmation. As the statute makes the award due and payable at the time of the confirmation, there is no presumption that the commissioners, in estimating the amount of the award, took into consideration the fact that the payment might be postponed for four months, as might possibly have been done in the case of premises situated elsewhere than in the Twenty-Third and Twenty-Fourth wards, where there is no provision

as to the time when the award becomes payable. Detmold v. Drake, 46 N. Y. 318; People v. Fitch, N. Y. Law. J. Jan. 22, 1894. The very fact that the statute expressly provides that as to the premises situated in the Twenty-Third and Twenty-Fourth wards the damages shall be due and payable at the date of the confirmation of the report, and that it makes no such provision with regard to damages for lands taken elsewhere in the city, shows the intention of the legislature that a different rule should be applied to the payment of these damages than is applied in the case of premises situated elsewhere. Unless it is held that interest on these damages shall run from the time when, by the express terms of the statute, the damages are payable, the provision that they shall be payable at the time of the confirmation of the report has no force. For these reasons, we think that, whether chapter 660 of the Laws of 1893 was applicable to these proceedings or not, the petitioner was entitled to interest on his award from the date of the confirmation of the report, and that the special term erred in refusing it to him.

The order should therefore be modified by directing the payment to the appellant of interest on his award from the 18th day of June, 1896, with $10 costs and disbursements to be paid to the appellant. All concur.