In re BOARD OF STREET OPENING & IMPROVEMENT OF CITY OF NEW YORK

In re DAVIES et al.

(Supreme Court, Appellate Division, First Department.    December 9, 1898.)

1. EMINENT DOMAIN—STREETS—DAMAGES—INTEREST.
   Consolidation Act, § 992, as amended by Laws 1893, c. 660, providing that all damages awarded for property taken in opening streets, "with interest thereon from the date when title to the lands shall have vested," shall be paid by the mayor, etc., of the city of New York to the respective persons mentioned or referred to in said report, imposes on the city a liability for interest from the vesting of title until the award is paid; the interest not ceasing when the property owner has the right to demand payment or to proceed therefor.

2. SAME.
   Laws 1895, c. 449, § 3, amending Consolidation Act, § 992, relating to damages for street opening, by omitting the provision that, after an application by an owner of property taken for streets for payment of the damages awarded, he might sue for the same, "with lawful interest from and after said application," and by re-enacting the provisions that in case the damages be not paid within 30 days after demand the court shall require and direct the payment of said awards, costs. and expenses, and that all damages, "with interest thereon from the date when the title vested," shall be paid by the city, does not cut off the right of the property owner to interest on an award after such application might have been made.

3. SAME—CONDITIONS PRECEDENT.
   The making of a demand a condition precedent to the proceeding to compel payment does not also make it a condition precedent to the recovery of interest.

4. SAME—"UNKNOWN OWNERS."
   Consolidation Act, §§ 992, 993, directing the city of New York to pay awards for street-opening damages "to the respective persons * * * mentioned or referred to" in the commissioners' report, and providing that where an owner is unknown the city may pay the amount into the supreme court to the same effect and purposes as if such unknown person had been present, entitle owners reported as "unknown" to the same rights as other owners to interest on such awards, unless the interest has been cut off by a payment into court as provided.

5. SAME—STATUTES—REPEAL.
   Consolidation Act, § 992, as amended by Laws 1893, c. 660 (Laws 1895, c. 449), providing for payment of street-opening damages from the park and street-opening fund, and that, if it becomes exhausted, the comptroller shall issue and sell bonds to raise the amount awarded, and that, if the owners are unknown, the court, on application, may direct the comptroller to retain the award made to such persons, or to pay it into court, does not impliedly repeal the provision of section 993, that the city may pay such award into court and stop the running of interest, since the latter statute applies only when the money is paid out of the street-opening fund, and in such case interest can be cut off only by paying the money into court, and the former statute applies only when bonds are issued, in which case the court must say whether it is necessary to pay the award into court to stop interest.

## Appeal from special term, New York county.

Proceeding to open Nelson avenue, in the city of New York.    Appeal by the city of New York from an order of the special term directing the comptroller of said city to pay into court the sum of $2,884.33, the amount awarded to unknown owners for the parcel of land known as "Damage Parcel No. 10" in the above-entitled proceeding, with interest thereon from June 24,

1895, to the date of payment, and appointing a referee to take proof and report as to the ownership of the land for which said award was made. The above-entitled proceeding, to acquire title to land in the Twenty-Third and Twenty-Fourth wards of the city of New York, was commenced in December, 1894. Under a resolution of the board of street opening and improvement passed pursuant to the statute, title to the land vested in the city on June 24, 1895. The report of the commissioners was filed April 1, 1897, and confirmed by an order entered April 17, 1897. Among the awards was one of $2,884.33, made to unknown owners for "Damage Parcel No. 10." In May, 1898, the petitioners, Emmeline C. and Cecilia B. Davies, made application for the same, with interest. The comptroller having neglected to make payment within 30 days, a formal petition for payment was filed, upon which the order appealed from was made. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, BARRETT, RUMSEY, and INGRAHAM, JJ.

John P. Dunn, for appellant.
Robert H. Wilson, for respondents.

BARRETT, J. The sole question raised relates to the amount of interest which the city is required to pay. Section 992 of the consolidation act, as amended by chapter 660 of the Laws of 1893, provides:

"All damages awarded by the commissioners of estimate and assessment, with interest thereon from the date when title to the lands shall have vested in the mayor, aldermen and commonalty of the city of New York, as provided in this chapter, and all costs or expenses which may be taxed, shall be paid by the mayor, aldermen and commonalty of the city of New York to the respective persons or bodies politic or corporate mentioned or referred to in said report, or in whose favor such costs or expenses shall be taxed."

This section is further amended by chapter 449 of the Laws of 1895, but the language quoted remains the same. This is the general provision relating to condemnation proceedings. Section 958 contains special provisions relating to property in the Twenty-Third and Twenty-Fourth wards, one of which is that all damages shall become due and payable immediately upon the confirmation of the report of the commissioners, instead of within four months thereafter, as in the case of other property. It contains nothing, however, on the subject of interest; and the general provision on this subject must control, as all such provisions, where not inconsistent with those specially affecting land in these wards, are expressly made applicable thereto. The language quoted from section 992 seems, on its face, entirely clear. The city must pay interest "from the date when title to the lands shall have vested," etc. The date when interest is to cease is not expressly stated, but the plain implication is that it is to continue until the payment of the award. It is, however, argued for the city that this provision is meant merely to afford compensation to the property owner during the period that he is deprived of the money due him; that during this period interest is awarded as compensation for the detention; that as soon as the debt becomes actually collectible the owner may demand it, and, if the demand be refused, institute proceedings to compel its payment, together with interest as damages for its further detention; and that, if he fails to adopt this course, interest ceases to run at the moment he is in a position thus to protect himself. To adopt this view would be to depart from the plain wording of an act upon a doubtful

and gratuitous inference. The statute is based upon the reasonable view that the property owner has a right to his money on the day when title vests in the city, although for a time he may be kept out of it. Recognizing this right, it provides that interest shall be paid to him until the city's obligation is fulfilled. It makes no distinction between the period during which the city may retain the money and the period when the owner is entitled to demand it. As soon as the award becomes due, it makes the city, not a bailee of the property owner's money, entitled to hold it until demand, but a debtor, bound to seek out and pay its creditor. And this provision is just. The owner does not intrust his money to the city to be held until demanded. The city owes him the money throughout, but is allowed, for its own convenience, to retain it during a brief period, upon condition of paying interest. See In re Board of Street Opening & Improvement of City of New York, 21 App. Div. 357, 359, 360, 47 N. Y. Supp. 564. When this period expires it at once becomes an actual debtor, with all an ordinary debtor's obligations. From that time on, the intendment in favor of the continuous interest liability is, as it seems to me, strengthened by this legal status.

It is pointed out by the appellant that under section 992, as it stood before the amendment of 1893, the city was liable for interest only upon the expiration of the time when it was permitted to retain the award, and then only after a demand and refusal. That fact, and the decisions made in view of it (see Barnes v. Mayor, etc., 27 Hun, 236), seem quite immaterial. It simply indicates that there has been a complete change in the legislative purpose, in the interest of fair dealing.

Stress, too, is laid by the city upon the provisions which give the property owner his right to proceed for the collection of the award. There is some confusion in this respect in the act of 1893. It first provides that, after application made, the owner may sue in an action at law to recover the amount of the award, "with lawful interest from and after said application therefor." Later in the same section it is provided that no action shall be brought, but that "the court in which said proceedings have been had, upon the application of any such person or persons, in case of the failure of the comptroller of said city to pay the same within thirty days after demand therefor, shall require and direct comptroller to pay said awards, costs and expenses," etc. The former provision was stricken out, and the latter retained, by the act of 1895. We think it clear that there is nothing in any of these provisions contrary to the interpretation we have given to that part of the statute relating to interest. Certainly there is nothing inconsistent with that interpretation in the provision affording a remedy by application to the court. Nor was there even in the provision permitting an action to be brought, and a recovery of interest "from and after said application." That provision was immediately followed by another directing the city to pay interest on all awards from the date of the vesting of title. The two provisions simply supplemented each other. Together they covered the whole period from the time when the city took the land. Nor is there any force in

the argument that the demand here specified, being a condition precedent to suit, must also be a condition precedent to the recovery of interest. This, again, is pure assumption. The statute does not say so, but plainly indicates, if it does not expressly state, the exact contrary. The office of the demand is obvious. It calls the attention of the city to the existence of the obligation, and gives it an opportunity to pay it, and thus save the expense of a proceeding to collect it.

It is finally urged that at least no interest is recoverable where, as here, the award was to unknown owners. It will be observed, however, that section 992 affords no ground for such a contention. The city is directed to pay the award, with interest, "to the respective persons * * * mentioned or referred to in said report." All owners are put upon the same footing; and the broad, general words, "mentioned" and "referred to," instead of the more specific word "named," indicate affirmatively that the case of an award to unknown owners was meant to be included. It was doubtless considered, however, that injustice might result to the city in such a case, if it were bound to find the owners, and pay or tender the money to them. Accordingly we find the remedy in section 993. That section provides that where the owner is unknown or under a disability, or absent from the city of New York, the city may "pay the sum or sums mentioned in the said report payable, or that would be payable to such owners, proprietors, parties and persons respectively, into the supreme court, to be secured, disposed of and improved as the said court shall direct, and such payments shall be as valid and effectual in all respects as if made to the said owners, proprietors, parties and persons respectively, themselves, according to their just rights, as if they had all been known and had all been present, of full age, discovert and compos mentis." This payment, being a substitute for payment to the owner, stopped the running of interest, and afforded complete protection to the city. The legislative intention is very clear that the city shall adopt this course, or remain liable for interest. This provision of section 993 is not repealed or affected by the amendments to section 992 of 1893 and 1895. This latter section, as thus amended, provides for the payment of all such awards from the fund for street and park opening. It is only when the amount of the awards exceeds the balance remaining in such fund that the comptroller is authorized to raise, by the issue and sale of revenue bonds, such amounts as shall be necessary to pay the awards. The court is authorized, upon the application of the property owner, to compel the comptroller thus to raise the money, and therewith to pay him. An exception is then ingrafted upon this particular privilege in the case of claimants of an award made to unknown owners. In their case the court may direct the comptroller to retain the amount raised, or to pay it into court. Here, again, the city may stop the running of interest. Where it is not necessary to issue revenue bonds, section 993 covers the case entirely. Where it is necessary to issue such bonds, the amendment applies. In the one case the city must bring the money into court; in the other,

it is left to the court to say whether it shall do so, or simply set it apart and retain it. Upon performing its duty under either section, it ceases to be a debtor. Thereafter the money simply awaits judicial action to be turned over to the true owner. The general rule here enunciated was clearly applied in Re Board of Street Opening & Improvement of City of New York, supra. There, as here, the property affected was in the Twenty-Third ward. The report of the commissioners was confirmed June 18, 1896, and there not being, as here, any resolution fixing a different time, the title vested then. The appellant made demand for the money on July 29, 1896, and, upon refusal, made a formal petition for payment. The order refused him interest, but on appeal this court modified it so as to award interest from June 18th, the date when title vested. The case was first considered upon the theory that the act of 1893 applied, and upon this theory it was held that the right to interest was clear. The court, per Rumsey, J., said:

"By the amendment of 1893 it was expressly provided that the damages awarded, and interest thereon from the date when the title of the lands should vest in the city of New York, should be paid by the city."

The contention of the city was expressly disallowed, and interest granted, not from the date of the demand, but from the date when title vested, which was over a month earlier. Our conclusion is that the owner here is entitled to interest from the date when title vested in the city down to the date when the amount of the award is paid into court.

In the Case of Scangarella (lately decided) 54 N. Y. Supp. 1118, the attention of the court was not called to the peculiar phraseology of the statute under which the proceedings were taken.

The order should be affirmed, with costs. All concur.