The People of the State of New York ex rel. The New York City Church Extension and Missionary Society of the Methodist Episcopal Church, Respondent, *v.* Bird S. Coler, as Comptroller of the City of New York, Appellant.

*Eminent domain in New York city — interest is not paid on an award for land injured but not taken.*

An owner of buildings injured by the opening or regulation of a street in the city of New York, but not taken for that purpose, is not entitled to interest on the award for such injuries, made to him under section 978 of the Consolidation Act (Laws of 1882, chap. 410).

Section 992 of the Consolidation Act, authorizing the allowance of interest on awards made in street opening proceedings from the time when the title to the land taken vests in the city, applies only to awards made for land, the title to which is taken by the city.

O'Brien, J., dissented.

Appeal by the defendant, Bird S. Coler, as comptroller of the city of New York, from an order of the Supreme Court, made at

78  PEOPLE ex rel. N. Y. CITY CHURCH *v.* COLER.

FIRST DEPARTMENT, APRIL TERM, 1901.          [Vol. 60.

the New York Special Term and entered in the office of the clerk of the county of New York on the 20th day of November, 1900, granting a peremptory writ of mandamus.

*John P. Dunn,* for the appellant.

*Clarence C. Ferris,* for the respondent.

McLAUGHLIN, J. :

In 1895 the city of New York instituted proceedings under the Consolidation Act (Laws of 1882, chap. 410) to acquire title, and, on the 28th of April, 1896, it did acquire title, to certain lands necessary for the opening of a street called Marion avenue. In the proceeding an award of $1,000 was made by the commissioners of estimate and assessment to the relator "for damage to buildings by reason of the intended regulation of the street" (Marion avenue). This award was not made because the city had taken or acquired title to any of the relator's land, but solely to compensate it for the damages which it might sustain by reason of an injury to its buildings as a result of the intended opening and regulation of the proposed street.

The final report of the commissioners of estimate and assessment was, by an order of the Supreme Court, confirmed on the 2d of March, 1900, and the relator immediately thereafter demanded from the city not only the $1,000 awarded to it, but also interest thereon from the 28th of April, 1896, the time when the title to the land which the city took for Marion avenue vested in it. The appellant, the comptroller of the city, made no objection to paying the $1,000 awarded, but he refused to pay interest thereon, whereupon the relator applied for and obtained a peremptory writ of mandamus directing such payment, and from this order the appeal is taken.

We are of the opinion that the relator was not entitled to interest. The city did not acquire title to any of its land. The award was made under section 978 of the Consolidation Act, under which the rights of the parties must be determined, and which, among other things, provided that: "If the said commissioners of estimate and assessment shall judge that such intended regulation will injure any building or buildings not required to be taken for the purpose of opening, extending, enlarging, straightening, altering or improving such street, or part of a street or public place, they shall

PEOPLE ex rel. N. Y. CITY CHURCH v. COLER. 79

App. Div.]       First Department, April Term, 1901.

proceed to make (together with the other estimates and assessments required by the first above-mentioned act to be made by them) a just and equitable estimate and assessment of the loss and damage which will accrue by and in consequence of such intended regulation to the respective owners, lessees, parties and persons respectively entitled unto or interested in the said building or buildings so to be injured by the said intended regulation." The purpose of this section is to confer upon the commissioners of estimate and assessment the power to compensate the owners of property for any injury which they may sustain to their buildings by reason of the opening and regulation of a street, not because the city takes or acquires title to the property of such owners, but simply because the street will injure their buildings. The awards are to be made to the par-. ties interested in the buildings *so to be injured* by the said intended regulation, etc.

Section 992 of the Consolidation Act, as amended by Laws of 1895, chapter 449, does not apply to the relator. That section only applies to awards made for title taken by the city. In that case the owner is entitled to be compensated as soon as his title is taken from him. It is *then* his damage is sustained, and until he has been compensated for that, the statute provides that he shall have interest on the award made. (*Matter of Board of Street Opening*, 35 App. Div. 406.) But the language used in this section is, manifestly, not applicable to an award made under section 978, where no lands are taken and the owner of the buildings cannot sustain any damage until the street has been opened, altered or changed. The vesting of title in the city of lands taken in and of itself does no injury to the owners or persons interested in the buildings standing on land not taken. This rule is just both to the relator and the city, and manifestly for the reason that the relator's damage does not commence at the time when the city became vested with title to the lands which it was necessary for it to take in order to open the avenue in question. It will be damaged only after the street shall have been opened and regulated; and to hold that it is entitled to interest on the amount awarded to compensate it for the proposed opening, would be to permit it to recover interest upon an award from a date prior to the time it had suffered any damage whatever.

An entirely different situation is presented when the land itself is taken. As already indicated, the owner loses his land at the time the title vests in the city, and in justice the award made to compensate him for that should bear interest from that date, because it is as of that time that his damage has been sustained.

The relator was not entitled to interest on the award. Its demand was properly refused by the comptroller, and for that reason the order appealed from must be reversed, with costs and disbursements, and the writ quashed, with fifty dollars costs.

VAN BRUNT, P. J., and INGRAHAM, J., concurred; O'BRIEN, J., dissented.

O'BRIEN, J. (dissenting):

For the reasons stated in the opinion of Mr. Justice LAWRENCE at Special Term,* I dissent.

Order reversed, with costs and disbursements, and writ quashed, with fifty dollars costs.

---

* The following is the opinion of LAWRENCE, J., at Special Term:

LAWRENCE, J.:

The relator's counsel is right in contending that sections 872 to 876 of the Consolidation Act (Laws of 1882, chap. 410) do not affect the question involved in this case, inasmuch as they relate to changes in the grades of streets after the streets have been actually laid out and the grades fixed and determined. I am also of the opinion that, under section 992 of the Consolidation Act, as amended by chapter 449 of the Laws of 1895, the relator is entitled to interest upon the sum awarded to him from the date when the title vested in the mayor, aldermen and commonalty of the city of New York. That section provides as follows: "All damages awarded by the commissioners of estimate and assessments, with interest thereon from the date when title to the lands shall have vested in the mayor, aldermen and commonalty of the city of New York, as provided in this chapter, and all costs or expenses which may be taxed shall be paid by the mayor, aldermen and commonalty of the city of New York to the respective persons and bodies politic or corporate mentioned or referred to in said report, or in whose favor such costs or expenses shall be taxed." In this case the title to the land required for the opening of Marion avenue was vested in the city of New York by the resolution of the board of street opening and improvement on the 28th day of April, 1896. In their final report, which was confirmed on the 2d day of March, 1900, the award to the relator was stated as follows: "For Damage Map Numbers 26A, 27A and 28A, $1,000, subject to a mortgage to secure $12,700, held by Wesleyan University of Middletown, Connecticut, for damage to buildings by

reason of the intended regulation of the street, meaning the said Marion avenue.'' It is conceded that the mortgage mentioned in this award has been since paid off, and that it is no longer a lien upon the relator's property. It seems quite obvious from the language of the award that it referred to all the damage which would result to the building of the relator from the opening of the avenue, and that damage was, by force of the statute, necessarily determined as of the date when, under the resolution of the board of street openings, the title passed to the city. See Consol. Act, § 956, as amd. by Laws of 1895, chap. 449.)

The provisions of the Consolidation Act in relation to damages by reason of a change of grade are contained in section 978 of that act, and they are continued by section 980 of the charter of Greater New York. (See Laws of 1897, chap. 378; Laws of 1882, chap. 410.) Each of those sections relates to damages from an "intended regulation" of a street, or portion of a street, in consequence of the opening, extending, enlarging, straightening, altering or improving thereof, and requires the commissioners of estimate and assessment " to make * * * a just and equitable estimate and assessment of the loss and damage which will accrue by and in consequence of such intended regulation." By the statute, as already stated, interest is payable upon awards from the date of the passing of the title, and no distinction is made between that portion of an award which is for land actually taken and that which is paid for injury to a building. As the date when the award became payable is fixed by the resolution and the statute, I think that the relator is entitled to the mandamus for which it asks, and to the costs of this proceeding. Draw order accordingly and settle on one day's notice.