In the Matter of the Application of THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Relative to Acquiring Title, Wherever the Same Has Not Been Heretofore Acquired, to the Lands, Tenements and Hereditaments Required for the Purpose of Opening Vyse Street (Although Not yet Named by Proper Authority), from Boston Road to the Bronx Park, as the Same Has Been Heretofore Laid Out and Designated as a First-class Street or Road in the Twenty-fourth Ward of the City of New York.

THE CITY OF NEW YORK, Appellant; THOMAS KELLY, Claimant, Respondent.

*Street opening in New York city — damages to buildings determined as of the time of the actual opening — removal of a building between the vesting of the title in the city and the actual opening of a street.*

In a street opening proceeding instituted by the city of New York, the damages to buildings located upon the line of the proposed street are to be ascertained as of the time when the street is actually opened, and not when the city acquires title to the land.

Consequently, an owner of a building located upon the line of the street, who removes such building to another street, intermediate the vesting in the city of the title to the land included in the street and the actual opening thereof, is not entitled to any damages, so far as such building is concerned.

Appeal by The City of New York from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 25th day of September, 1901, confirming the report of commissioners of estimate and assessment in the above-entitled proceeding.

*John P. Dunn*, for the appellant.

*Clarence C. Ferris*, for the respondent.

McLaughlin, J. :

Proceedings were instituted by the city of New York to, and in August, 1897, it did, acquire title to lands necessary for the opening of Vyse street from Boston road to Bronx park.

The commissioners of estimate and assessment appointed in the proceeding on the 15th of December, 1899, made a preliminary estimate of damages sustained by the owners of land taken, which was filed in the law department on the nineteenth of February following, in which an award of thirty-nine dollars was made to unknown owners for the parcel taken, designated on damage map No. 2 as parcel No. 23. After the preliminary report had been filed, the respondent Kelly, for the first time, appeared in the proceeding and filed objections to the report, which were, in effect, that he was the owner, and, by reason thereof, entitled to the damages awarded to unknown owners of parcel No. 23, and that an error had been made in that no award had been made to him for damage to buildings situate upon parcel designated as No. 23A. In support of his objections, evidence was produced by him which satisfied the commissioners that he was in fact the owner of the parcel designated as No. 23, and that the buildings which were located upon No. 23A, at the time the city acquired title, were damaged to the extent of $300, by reason of the proposed grading of Vyse street, for which sum an award was made to him. The city has appealed from so much of the order as awards the respondent damage to his buildings.

The award for damage to the buildings was made upon the theory that such damage must be ascertained as of the time when the city

acquired title to the land necessary for the opening of the street, but this is not the rule as to the ascertainment of such damages. The damages to buildings located upon the line of a proposed street are to be ascertained, so far as can be, as of the time when the street is actually opened, and not when the city acquires title to the land. (*People ex rel. New York City Church* v. *Coler*, 60 App. Div. 77; *Matter of Rogers Place*, 65 id. 1.) Here the city has not yet opened and graded Vyse street, and, therefore, buildings located upon the line of the street have not and cannot be injured until the grade has been changed. The respondent, therefore, has not sustained any damage whatever so far as his buildings are concerned, because it appears that intermediate the vesting in the city of title to the land taken and respondent's appearance in the proceeding, he removed his building from this plot to another street. Manifestly, buildings that have been removed before the grade of the street has been changed have not been injured.

The order, so far as the same is appealed from, must, therefore, be reversed and the matter remitted to the commissioners for further consideration.

VAN BRUNT, P. J., INGRAHAM, HATCH and LAUGHLIN, JJ., concurred.

Order reversed and matter remitted to the commissioners for further consideration.

---

NOTE. — The rest of the cases in this term will be found in the next volume, 81 App. Div.— [REP.