(121 App. Div. 556.)

### OUTHOUSE v. BAIRD.

(Supreme Court, Appellate Division, Second Department.   October 18, 1907.)

1. LANDLORD AND TENANT—LEASES AND AGREEMENTS—CONSTRUCTION—CONDITIONS—ACTIONS FOR BREACH.

Defendant leased his farm to plaintiff upon the agreement that, on sale of the premises during the term, the plaintiff would vacate on 30 days' notice, and that defendant would pay him for any crops planted prior to the notice, the benefit of which he could not reap.   Plaintiff, on receiving notice to vacate, refused to do so, and was removed by an order in proceedings in the County Court.   *Held*, that he could not recover the value of the crops planted by him, since he did not vacate according to the agreement.

2. SAME—WAIVER OF FORFEITURE.

Defendant's acceptance from plaintiff, after his removal from the premises, of the rent due up to that time, did not constitute a waiver of the refusal to vacate on the notice given.

3. SAME.

Under this agreement, the plaintiff was not entitled to recover the value of crops planted after the notice to vacate was given him.

4. TRIAL—PROVINCE OF COURT AND JURY IN GENERAL—DETERMINATION OF QUESTIONS OF LAW—SUBMISSION TO JURY.

The judge cannot turn over to the jury questions proper for the court to decide.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, § 318.]

Appeal from Trial Term, Westchester County.

Action by Joseph Outhouse against David G. Baird for breach of contract contained in a lease.   From a judgment for the plaintiff, and an order denying defendant's motion for a new trial, defendant appeals.   Reversed.

Argued before JENKS, HOOKER, RICH, MILLER, and GAYNOR, JJ.

Benjamin Fagan, for appellant.
Nathan P. Bushnell, for respondent.

GAYNOR, J.   The complaint alleges that on February 2, 1904, the defendant leased his farm to the plaintiff for the year beginning April 1, 1904, and ending April 1, 1905, "upon the express agreement and condition" that if the defendant "should at any time during such term sell said premises" the plaintiff "would vacate said premises upon receiving 30 days notice so to do, and that the defendant herein would pay to the said plaintiff the reasonable value of any crops planted upon said premises prior to the receipt of said notice the benefit

of which he could not reap"; that on April 9, 1905, the defendant
notified the plaintiff that he had sold the farm and that plaintiff must
vacate according to the agreement; that thereafter the plaintiff was
removed therefrom by an order of the county court; that the defend-
ant has refused to pay the plaintiff the value of crops planted by him
thereon and the benefit of which he cannot reap, of the value of
$1,000, for which judgment is prayed.

The complaint does not state a cause of action. The condition
precedent to a cause of action is that the plaintiff should vacate on
a notice of 30 days on a sale of the farm by the defendant. There
is no allegation of compliance with this condition, as the rules of
pleading require; on the contrary, the allegation is that the plaintiff
was removed by an order of the county judge.

The proof was that the defendant sold the farm and on April 21,
1904, gave the notice of 30 days to the plaintiff, but he refused to
vacate in the time limited, and was removed in June, 1904, by a final
order in landlord and tenant proceedings taken against him by the
defendant.

After the plaintiff had been removed from the farm he sent to the
defendant the rent which had accrued up to the time of his removal
and the defendant kept it. The learned trial judge submitted to the
jury the question whether this was not a waiver of the refusal of the
plaintiff to vacate on the notice, instructing them that if it was the
plaintiff was entitled to recover. I own myself unable to understand
what this all means. And how could receiving the rent that was due
him be a waiver of anything by the defendant? The learned trial
judge also permitted the plaintiff to recover the value of crops planted
after the notice to vacate was given him, whereas the agreement lim-
its him to crops planted before it was given. The case should have
been dismissed. The trial by jury is by judge and jury, and the judge
may not turn over to the jury the questions which are for him to de-
cide.

The judgment and order should be reversed.

Judgment and order reversed, and new trial granted; costs to abide the
event. All concur.