(58 Misc. Rep. 453.)

NUGENT v. CITY OF NEW YORK et al.

(Supreme Court, Special Term, New York County. March, 1908.)

1. MUNICIPAL CORPORATIONS—CHANGE OF GRADE—DAMAGES.
   On a change of grade in a street, the damages accrue at the time of the actual physical change, and the award must be given to the one owning the premises at that time.

2. HUSBAND AND WIFE—AGENCY OF HUSBAND—PRESUMPTIONS.
   Where a husband acts for his wife on the sale of real estate, his authority will be presumed from her signing the contract and executing the deed in accordance therewith, but such authority will not be presumed to extend to a transfer of a claim for damages already accrued by reason of the change of grade of an adjacent street where such claim is not mentioned in the contract of sale or the deed.

Action by William Nugent against the city of New York and others to recover an amount awarded for change of grade of street. Judgment for plaintiff.

Maurice Deiches, for plaintiff.
F. K. Pendleton, Corp. Counsel, for defendant City of New York.
Wm. A. Haggerty, for defendants Lawrence.

McCALL, J. In the year 1904, and prior to the 4th day of October therein, the decedent, Ellen C. Nugent, was the owner in fee of certain premises situate on the southerly side of Fifty-Second street, about 180 feet eastwardly of the corner formed by the intersection of said southerly side of Fifty-Second street and the easterly side of Eighth avenue, in the borough of Brooklyn, in the city of New York. While she was still said owner an actual physical change in the grade of Fifty-Second street was made in the line of some projected improve-

ments instituted by the city, and as a result of said change and improvement awards for damages incurred and assessments for improvements made ensued. It is well settled now in the law that damages by reason of change of grade accrue at the time of the actual physical change, and necessarily such award as is made must be given to the owner at the time of such actual change. Matter of Mayor, 80 App. Div. 622, 80 N. Y. Supp. 842; People ex rel. Missionary Soc. v. Coler, 60 App. Div. 77, 69 N. Y. Supp. 863. Mrs. Nugent being the owner of the fee at the time of the actual physical change, the award for the damages was therefore properly made to her in the first instance, but whether the payment of the same to her or to her legal representatives (she now being dead) shall be made is to be determined by the settlement of the other issues raised in this litigation, to wit, whether or not she in her lifetime assigned all her right, title, and interest in same to the defendants Lawrence. On October 4, 1904, Mrs. Nugent contracted to sell these premises to the Misses Lawrence, and the record reveals negotiations covering a period of several days prior thereto, all of same conducted, not with Mrs. Nugent, the owner, but with Mr. Nugent, her husband. Any question of the capacity of Mr. Nugent to act for his wife in so far as the sale and transfer of the realty is concerned is removed by her subsequent acts of ratification and the signing and execution of the deed and closing of title. During these several interviews antedating the signing of the contract and the execution of deed the defendants and their witnesses assert that repeatedly Mr. Nugent stated that the award to be made for the damages sustained by the change of grade would pass with the title or would go to the purchaser of the property, and it is upon this slender basis of an oral proposition, alleged to have been entered into with a supposed agent, that the claim of these defendants to their award hinges.

What are the facts shown by this record on the part of defendant Lawrence? The alleged controlling feature of this proposed sale, the sine qua non that operated to bring about the purchase, was the fact that this proposed award was to be transferred to the purchaser. It bridged the abyss that existed between the asking price and that which defendant offered, and yet, when the contract for the sale is drawn up and signed, not a line in reference to same is found therein when the deed is given that passes the title, not a word therein that as much as suggests that there is to be a transfer of this award, when in either instrument a definite and clear statement of transfer of the claim would have fixed and established the rights of the parties beyond peradventure and would not leave courts in settlement of these questions after the death of one of the principals, as in the case at bar, groping and conjecturing on verbal assertions stoutly denied as to where the truth rests. It is clear, therefore, that neither the contract of sale nor the deed of transfer of title passed this claim (Harris v. Kingston Realty Co., 116 App. Div. 704, 101 N. Y. Supp. 1104), and the claim for this award was a mere chose in action that must have passed, if at all, by a separate and independent act apart from either the instrument that provided for the sale of or that which transferred the

title to the realty. No negotiations of any kind were had with Mrs. Nugent, the owner. In fact, she never appeared in any way at all till the day of closing of the title, and all arrangements were made with and through her husband. She is now dead, and, while I have concluded that his agency in so far as the sale of the realty was concerned was fully satisfied by her affirmative act of executing the deed, there is nothing before me to warrant the conclusion that he had the authority, though he essayed so to do (which is far from established by the proof), to assign the claim to this award. I am not overlooking the testimony of Maj. Calhoun as to conversations had with the decedent, but, in the face of the denials of the plaintiff, the assertion of decedent in a proceeding instituted in her lifetime that no such assignment as is alleged was made, and of the record in full, the proof falls far short of satisfactorily sustaining the burden that should be exacted in cases of this character to substantially prove the agency or the transfer. On the question of the said assignment falling within the provisions of the statute of frauds, and, therefore, necessarily compelling the same to be in writing, this undoubtedly would have proven available, had the statute been pleaded; but it was not, and the objections on that score are of no force. The conclusion, therefore, is that an assignment from the decedent of her right to the award was not established, and the judgment must be rendered for the plaintiff.

Judgment for plaintiff.