NIGRO, Respondent, v. LYONS BEET SUGAR REFINING CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. July 7, 1908.) Action by Anthony Nigro against the Lyons Beet Sugar Refining Company. No opinion. Judgment affirmed, with costs.

In re NILAND. (Supreme Court, Appellate Division, Second Department. June 5, 1908.) In the matter of the application of Martin Niland for a writ of certiorari to John W. Bowron, supervisor, and others, constituting the board of auditors, etc., town of New Castle, etc. No opinion. Motion granted.

O'DWYER, Respondent, v. CASTLE SQUARE OPERA CO., Appellant. (Supreme Court, Appellate Division, Second Department. June 18, 1908.) Action by Michael O'Dwyer against the Castle Square Opera Company. No opinion. Judgment and order unanimously affirmed, with costs.

O'NEILL, Respondent, v. CITY OF NEW YORK, Appellant. (Supreme Court, Appellate Division, Second Department. June 12, 1908.) Action by Martha A. O'Neill against the city of New York. No opinion. Judgment of the Municipal Court affirmed, with costs.

In re OPENING SARATOGA AVENUE, CHESTER STREET. (Supreme Court, Appellate Division, Second Department. June 12, 1908.) In the matter of the opening of Saratoga avenue, Chester street, etc. No opinion. Motion granted.

In re OPENING OF SEVENTY-SEVENTH ST. IN CITY OF NEW YORK. (Supreme Court, Appellate Division, Second Department. June 12, 1908.) In the matter of the application of the city of New York relative to acquiring title to the lands, etc., required for the purpose of opening Seventy-Seventh street, from Shore Road to Seventh avenue, in the Thirtieth Ward of the borough of Brooklyn, city of New York.

PER CURIAM. Order modified, so as to exclude all interest on the damages allowed to Thomas H. Thomas for damage to building, etc. (People ex rel. N. Y. City Church v. Coler, 60 App. Div. 77, 69 N. Y. Supp. 863, affirmed 168 N. Y. 644, 61 N. E. 1133); and, as so modified, affirmed, without costs.

OUTHOUSE, Respondent, v. BAIRD, Appellant. (Supreme Court, Appellate Division, Second Department. June 5, 1908.) Action by Joseph Outhouse against David G. Baird. No opinion. Order affirmed, without costs. See 106 N. Y. Supp. 246.

PALMER, Appellant, v. PINARD, Respondent. (Supreme Court, Appellate Division, Fourth Department. July 7, 1908.) Action by Amos W. Palmer against Lucinda D. Pinard. No opinion. Judgment affirmed, with costs.

PARAGON PLASTER CO., Appellant, v. CRUCIBLE STEEL CO. OF AMERICA, Respondent. (Supreme Court, Appellate Division, Fourth Department. May 27, 1908.) Action by the Paragon Plaster Company against the Crucible Steel Company of America.

PER CURIAM. Order reversed, with $10 costs and disbursements, and motion denied, with $10 costs.

McLENNAN, P. J., and ROBSON, J., vote for affirmance on the ground that the action, within the meaning of section 3253 of the Code of Civil Procedure, was both difficult and extraordinary, and that the Special Term properly exercised its discretion in the matter.

PARAGON PLASTER CO., Appellant, v. CRUCIBLE STEEL CO. OF AMERICA, Respondent. (Supreme Court, Appellate Division, Fourth Department. July 7, 1908.) Action by the Paragon Plaster Company against the Crucible Steel Company of America. No opinion. Motion for leave to appeal to Court of Appeals granted, and questions for review certified.

PARKER PEN CO., Respondent, v. WADSWORTH, Appellant. (Supreme Court, Appellate Division, Third Department. June 18, 1908.) Action by the Parker Pen Company against Thomas W. Wadsworth. No opinion. Judgment and order unanimously affirmed, with costs.

PARSONS v. CLARK. (Supreme Court, Appellate Term. June 30, 1908.) Appeal from Municipal Court, Borough of Manhattan, Ninth District. Action by Edgerton Parsons against Frank C. Clark. From a judgment for plaintiff, defendant appeals. Affirmed. Alexander S. Bacon, for appellant. Wheeler, Cortis & Haight, for respondent.

PER CURIAM. Judgment affirmed, with costs.

MacLEAN, J. (concurring). "The cases agree that where a bailee of goods, although liable to their owner for their loss only in case of negligence, fails nevertheless upon their being demanded to deliver them or account for such nondelivery or to use the language of Sutherland, J., in Schmidt v. Blood, where 'there is a total default in delivering or accounting for the goods' (9 Wend. 268, 24 Am. Dec. 143), this is to be treated as prima facie evidence of negligence." Claflin v. Meyer, 75 N. Y. 260, 262, 31 Am. Rep. 467. Default in delivery appearing, and no accounting therefor, the judgment herein in favor of the plaintiff against his bailee should be affirmed.

PATTERSON v. HEISS et al. (Supreme Court, Appellate Division, First Department. June 26, 1908.) Action by Samuel B. Patterson against Samuel W. Heiss and others. No opinion. Application denied, with $10 costs. Order signed.

PAUL, Respondent, v. WESTINGHOUSE, CHURCH, KERR & CO., Appellant. (Supreme Court, Appellate Division, Second Department. June 18, 1908.) Action by Harry Paul against Westinghouse, Church, Kerr & Co.

PER CURIAM. Judgment and order of the Municipal Court reversed, and new trial order-