CLARKE v. LONG ISLAND REALTY CO.

(Supreme Court, Appellate Division, Second Department.  May 12, 1908.)

1. VENDOR AND PURCHASER—EXECUTORY CONTRACT—RIGHTS OF PURCHASER.

A purchaser under an executory contract of purchase has the equitable title; the vendor holding the legal title merely as security for the payment of the purchase money.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 48, Vendor and Purchaser, § 376.]

2. EMINENT DOMAIN—EFFECT OF CONDEMNATION PROCEEDINGS.

A contract for a conveyance was not abrogated by the acquisition of title to the land by another under the right of eminent domain; the damages awarded belonging to the purchaser subject to the vendor's lien, and the vendor receiving them as the purchaser's trustee, and the award becoming in legal effect, as between the vendor and purchaser, the subject of the conveyance.

3. SAME—NATURE OF TAKING..

The taking of land by proceedings in invitum is in a legal sense a purchase and sale, the equitable owner being deemed the vendor.

Gaynor, J., dissenting.

Appeal from Municipal Court, Borough of Brooklyn, Fourth District.

Action by Thomas J. Clarke against the Long Island Realty Company. From a judgment overruling a demurrer to plaintiff's complaint, defendant appeals. Reversed, and demurrer sustained, with leave to plead over.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

Walter Underhill, for appellant.
Paul Jones, for respondent.

MILLER, J. The plaintiff sues to recover payments on an executory contract of purchase and sale of real property alleged to have been made by him, the vendee, under a mistake of fact. The plaintiff alleges that intermediate the execution of said contract and the making of said payments the city of New York acquired title to the property under the right of eminent domain, of which fact he was ignorant when said payments were made.

It is not necessary to cite authority for the familiar proposition that the vendee under an executory contract of purchase and sale has the equitable title; the vendor holding the legal title merely as security for the payment of the purchase money. The plaintiff's

theory is that the contract ·was abrogated by the condemnation pro-
ceedings; but no authority is cited in support of that proposition,.
and no reason is urged or suggests itself to us for so holding. The·
contract is not abrogated. Randolph's Law of Eminent Domain,.
§ 170. The damages awarded in the condemnation proceeding be-
long to the vendee, subject, of course, to the lien of the vendor;.
and, if the latter receives them, he does so as trustee for the former.
McIntyre v. Easton and Amboy R. R. Co., 26 N. J. Eq. 425; Pink-
erton v. Boston & Albany R. R. Co., 109 Mass. 527; Stevenson v,
Loehr, 57 Ill. 509, 11 Am. Rep. 36.

This is not a case of thrusting the equities of a party on him, but
of holding him to his contract. The vendor is able to give him all he·
contracted to. The state has intervened, and under its right of eminent
domain substituted for the land its value. In legal effect, as between·
vendor and vendee, the award becomes the subject of the conveyance.
The plaintiff took the equitable title, subject to the exercise of the·
right of eminent domain, precisely as though the legal title had been
transferred; and the possibility of the land being taken for public
use should .be deemed to have been within .the contemplation of the·
parties. · The taking of land by proceedings in invitum is in a legal·
sense a purchase and sale (Vandermulen v. Vandermulen, 108 N. Y.
195, 15 N. E. 383), and, of course, the equitable owner must be deemed·
the vendor. In the case of Parks v. City of Boston, 15 Pick. (Mass.)·
198, cited by 'Andrews, J., in the Vandermulen Case, supra, it was
held that a lease was not extinguished or .the ˙lessee discharged of·
the obligation to ·pay the reserved rent during the residue of the term.
In the course of his opinion in that case, Shaw, C. J., said:

"But upon what principle can it be maintained that a lessee under such cir-
cumstances would be exempted from the payment of the stipulated rent? The
lessee takes his term, just as every other owner of real estate takes title,.
subject to the right and power of the public to take it, or a part of it, for
public use, whenever the public necessity and convenience may require it.
Such a right is no incumbrance. Such a taking is no breach of the covenant
of the lessor for quiet enjoyment. The lessee then holds and enjoys exactly
what was granted him as a consideration for the reserved rent, which is the
whole use and beneficial enjoyment of the estate leased, subject to the sov-
ereign right ·of eminent domain on the part of the public. If he has suf-
fered any loss or diminution in the actual enjoyment of this use, it is not by
the act or sufferance of the landlord; but it is by the act of the public, against
whom the law has provided him an ample remedy."

The demurrer should have been sustained.

Judgment of the Municipal Court reversed, with costs, and demurrer sus-
tained, with costs, with leave to plead over on payment of costs. All concur
except GAYNOR, J., who reads for affirmance.

GAYNOR, J. (dissenting). The plaintiff had a contract with the
defendant ·for the conveyance of a piece of land to him by the latter;
payments to be ma'de by installments, and the conveyance to be made
and ˙delivered when the purchase money should be paid in full. The
land was taken by eminent domain proceedings after the contract was
made. In ignorance of that fact, the plaintiff paid installments; He ·
may recover back all he has paid, for the defendant cannot convey the

land to him. That the plaintiff could assert his equitable rights to the award made for the land does not enter into the case. He is not obliged to do so. The rule of the equitable ownership of the land pro tanto by a purchaser who has paid in part but not received the deed is made for his protection. It seems strange that it should be used to prevent him from maintaining a common law action to recover back what he has paid on the vendor being unable to perform. The defendant contracted to convey the plaintiff the land and cannot do so. The plaintiff is not compelled by law to substitute the award for the land, and pay the contract price. Suppose the award were less than the contract price? The defendant cannot thrust the plaintiff's equities upon him or compel him to fall back on them. They are for the plaintiff's protection, and he is free to resort to them or not as he sees fit. He may prefer to pursue his common law remedy. None of the cases cited has any application. Here the defendant cannot carry out his contract to convey the land. In the case of the lease cited, the lease had been made and the term thus conveyed to the tenant, before the land was taken for public use. It was not the case of a contract for the making of a lease in the future.

The plaintiff seems to be suing for only some of the installments he has paid. If he prevail, he may be embarrassed by the rule against splitting a cause of action if he tries to recover the amount of the others.