CENTRAL TRUST COMPANY OF NEW YORK, as Substituted Trustee under a Mortgage Executed by the THIRD AVENUE RAILROAD COMPANY, Respondent, v. MORTON TRUST COMPANY et al., Appellants, et al., Defendants.

FREDERICK W. WHITRIDGE, as Receiver of the THIRD AVENUE RAILROAD COMPANY, Respondent.

*Central Trust Co.* v. *Morton Trust Co.*, 133 App. Div. 893, modified.
(Argued December 5, 1910; decided January 10, 1911.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered January 26, 1909, affirming a judgment in favor of the respondents herein entered upon the report of a referee.

*Theodore W. Morris, Jr.*, for Adrian H. Joline et al., as receivers of the Metropolitan Street Railway Company, appellants.

*Charles T. Payne* for Morton Trust Company, appellant.

*William H. Van Benschoten, John M. Bowers* and *Middleton S. Borland* for plaintiff, respondent.

*Herbert J. Bickford* for defendant, respondent.

CULLEN, Ch. J.   In 1893 the city of New York began and in 1898 completed the construction of a new bridge across the Harlem river at Third avenue.   This bridge was constructed at a greater elevation than the old bridge, and the statutes which authorized the work (Laws of 1892, ch. 413 ; Laws of 1896, ch. 716) provided for awarding compensation to the owners of land fronting on the avenue for damage occasioned by the change of grade.   During this period the defendant the Third Avenue Railroad Company was the owner of a tract of land abutting on Third avenue.   In 1900 the Third Avenue Railroad Company executed a mortgage of all its property to the Morton Trust Company as trustee to secure the payment of an issue of bonds and subsequently the plaintiff was appointed

37

trustee under said mortgage in the place of the original trustee. About the same time it leased all its property to the Metropolitan Street Railway Company for the term of 999 years subject to the provisions of said mortgage. An award having been made to the Third Avenue Company for damage done by the construction of the new bridge in September, 1907, the comptroller of the city of New York paid the amount of the award and the interest accumulated thereon to the Third Avenue Company by which it was deposited in the defendant the Morton Trust Company. Out of this fund the legal expenses of securing the award were first deducted, and of this no complaint is made by any party. The amount of such deposit less the deduction aforesaid was $105,469.10. The lessee, the Metropolitan Street Railway Company, having become insolvent the appellants Joline and Robinson were on the 24th day of September, 1907, in a creditor's action in the Circuit Court of the United States, appointed receivers of all the property of said company. On the 13th of October the Metropolitan Company defaulted in the payment of the rent reserved in the lease from the Third Avenue Company and subsequently the receivers Joline and Robinson threw up the lease and returned to the Third Avenue Company (or to its receivers, that company having also become insolvent, and the plaintiff having commenced the foreclosure of its mortgage) the leased property. On December 31st, 1907, the plaintiff instituted this action against the Third Avenue Company to recover the fund on deposit, claiming it by virtue of the mortgage. In January, 1908, the appellants Joline and Robinson were permitted to intervene in the action, claiming the fund by virtue of the terms of the lease. The action was referred, and the learned referee awarded the whole fund, principal and interest, to the plaintiff. Judgment on that report has been affirmed by the Appellate Division, and an appeal is now taken to this court by the receivers of the Metropolitan Company, the Third Avenue Company having taken no appeal from the original judgment.

To sustain their claim the appellants must establish two propositions : *First*, that the fund was not included within the mortgage ; *second*, that by the lease title to it was vested

in the lessee; otherwise, even if the fund or the claim out of which it arose was not included within the mortgage, the appellants have no right to it. We think the appellants failed on each of these propositions. Both instruments, the mortgage and the lease, are of exceptional length, and it would be impossible to present a full analysis of their various provisions within the reasonable limits of an opinion. Therefore, we are confined to briefly stating our conclusions and the salient reasons therefor. The mortgage in the broadest language possible sells, conveys and assigns unto the mortgagee, "all and singular, the corporate property, rights, powers, privileges and franchises" of the mortgagor, together with "all rights, contracts, easements, and other rights or interests * * * but the particular description of real and personal property herein contained shall not be construed to exclude any other property which now belongs to or which may hereafter be acquired by the Railroad Company." The language is broad enough to include all property of every kind owned by the mortgagor at the time. As the Third Avenue Company's right to compensation by the city was not for any land taken, but solely the creature of the statute resting on equitable obligations, it may be, as held by the referee, that the claim for an award was a mere chose in action not appurtenant to the land. Assuming such to be its character, that fact would not tend to withdraw it from the broad general language of the mortgage, for a large portion of the mortgaged property were mere choses in action, claims by the Third Avenue Railroad Company against its subsidiary companies for work done in their improvement and betterment, as to dealing with which both by the mortgagee and by the lessee express provisions are made in the mortgage. Nor is it necessary to consider whether certain provisions of the mortgage would render the mortgage, so far as it covered choses in action, void as to creditors of the Third Avenue Company. The mortgage was good between the parties. The lessee acquired only the rights of the lessor and the appellants represent only the creditors of the lessee, not those of the lessor.

The granting clause of the lease demised to the lessee all the property of the lessor in as broad terms as those of the

mortgage.   Of course this demise would not transfer the cor-
pus of the property to the lessee, but only its usufruct during
the demised term.   The appellants' claim to the principal of
the fund is based on another provision of the lease.   This pro-
vision following the enumeration of the demised property is :
" Subject to the conditions of this agreement the said party of
the first part doth also hereby grant to the party of the sec-
ond part the control of the expenditure of the moneys belong-
ing to the party of the first part at the time of the taking
effect of this lease, which are in the treasury of the party of
the first part, whether on deposit or otherwise, and of all rights
of action for the collection of money, and also all rights of
action for the enforcement of rights or privileges for the con-
struction, maintenance or operation of a railroad which are
proper or essential to such construction, maintenance or opera-
tion."   It is contended that the right to control the expendi-
ture was a grant of the money itself.   We do not think so.
If it were intended to transfer absolutely to the lessee all
moneys that might be recovered on claims or choses in action
held by the lessor, in other words, to make a present sale of
such, it was very easy to say so, and the parties knew well
how to express such an intention as is found in other parts of
the lease where certain property is conveyed absolutely to the
lessee, not demised.   It is urged that by the lease the lessee
guaranteed the payment of all the debts of the lessor, including
all its mortgaged bonds.   But the lessee did not expect to pay
them out of its own property, for express provision is made
for the issue of new bonds on the lessor's property to meet
those that might mature.   It is evident from reading the whole
instrument that the lessor did not intend to part with the cor-
pus or principal of its property except in particular cases
where it used apt terms for the purpose, but to give the lessee
the right to enjoy the use thereof as long as it complied with
the conditions of the lease.   Consistent with the general design
and object of the instrument the right to control the expendi-
ture of the money realized on choses in action should be
limited to the application of such moneys for the benefit or
improvement of the demised property.

These views dispose of the claim of the appellants to the

principal of the fund on deposit, but we think the courts below erred in failing to award to the lessee the interest accrued prior to its default. Under the terms of the mortgage the mortgagor was entitled to the rents and income of the property until default was made in complying with the requirements of the mortgage, and under that provision the income of this fund prior to default would not pass under the mortgage even though the mortgage purported to convey the income and profits of the mortgaged property. (*N. Y. Security & Trust Company* v. *Saratoga Gas & El. L. Co.*, 159 N. Y. 137.) As the mortgagor was entitled to this interest against the mortgagee, so also was its lessee. The theory on which the appellants have been denied the accrued interest is that the subsequent default of the lessee and action by the receivers in surrendering the lease estopped them from claiming title to anything under the lease. We think that this contention is incorrect. Under the construction we have given these instruments, had the Metropolitan Company not become insolvent, but continued to hold the Third avenue property under the lease when this payment was made by the city, the lessor company or the mortgagee would have been entitled to the principal, or at least its application to the corpus of the demised property, but the lessee, by virtue of the lease, would have been entitled to so much of the deposit as represented accrued interest. It could have maintained an action at law against its lessor to recover that money. Had it then been in default, its obligations to the lessor would have been a good offset, but the difficulty is that at the time of the appointment of the appellants as receivers the obligations of the lessee had not matured, and it is the settled law of this state (though the rule is different under the Federal Bankrupt Act) that against a receiver or assignee obligations of the assignor not matured cannot be set off against demands in favor of the assignor or insolvent. (*Fera* v. *Wickham*, 135 N. Y. 223.)

The judgment entered on the report of the referee and that of the Appellate Division should be modified so as to award the appellants Joline and Robinson, receivers, that portion of the fund deposited which was for accrued interest on the award,

and as so modified affirmed, without costs to either party. If the counsel can agree on the amount of such interest, reduction may be made by the order of this court, otherwise it will be remitted to Special Term for that purpose.

HAIGHT, WERNER, WILLARD BARTLETT, HISCOCK, CHASE and COLLIN, JJ., concur.

Judgment accordingly.