## MOORE v. TAYLOR.

(Supreme Court, Trial Term, St. Lawrence County. March, 1916.)

1. VENDOR AND PURCHASER ⚫⚫⚫54—PURCHASER'S POSSESSION UNDER CONTRACT —RIGHTS OF PARTIES.

　　A purchaser in possession of a farm under a written contract for its purchase, who had not fully paid the purchase price, had the equitable title, and was trustee of the purchase money for the vendor; and the vendor had the legal title as security for payment of the purchase price, and was trustee thereof for the purchaser.

　　[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 85; Dec. Dig. ⚫⚫⚫54.]

2. VENDOR AND PURCHASER ⚫⚫⚫203—PURCHASER IN POSSESSION—LOSS.

　　A purchaser, in possession before the purchase price had been fully paid, as equitable owner was entitled to any benefit accruing to the property intermediate the execution of the contract and the conveyance; and a loss by fire, not due to the owner's fault was his and not the vendor's loss, as, notwithstanding the loss, he remained liable for the purchase price.

　　[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 398, 402, 420–422; Dec. Dig. ⚫⚫⚫203.]

3. VENDOR AND PURCHASER ⚫⚫⚫218—PURCHASER IN POSSESSION—LOSS BY FIRE —RIGHT OF ACTION.

　　A purchaser, in possession before full payment of the purchase price, as equitable owner liable for the purchase price, was entitled to maintain an action against one whose negligence caused a loss by fire.

　　[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 456; Dec. Dig. ⚫⚫⚫218.]

Action by Nathan Moore against Orrin L. Taylor. On motions for a dismissal, and that the verdict be set aside and a new trial granted. Denied.

George H. Bowers, of Canton, and Thomas Spratt, of Ogdensburg, for plaintiff.

D. B. Lucey and Walter G. Kellogg, both of Ogdensburg, for defendant.

WHITMYER, J. This action has been brought by plaintiff to recover the damages sustained by him by the burning, in March, 1914, of a barn, with contents, located on a farm in the town of Pierrepont, St. Lawrence county, N. Y. It is claimed that the fire was caused by sparks, which escaped from a stack attached to an engine in defendant's mill, located on defendant's adjoining property, and that it was due to defendant's negligence. In addition to the allegations of negligence, the complaint alleged that plaintiff was a resident of said town at the time in question, and that he owned and occupied the farm upon which said barn was located, and also that he owned the contents of said barn. The answer admitted that plaintiff was a resident of said town, and that he occupied the farm upon which said barn was located, that defendant owned a mill on adjoining property, which was being operated at the time, and that the barn in question and

some of its contents were burned, but denied the other allegations of the complaint. Plaintiff's ownership of barn and contents was an issue. The answer alleged, further, that defendant was not operating the mill, and that it was not being operated with his consent or knowledge, at the time, and that plaintiff has been fully compensated for his loss, by reason of the fact that the property was covered by insurance, which has been paid.

On the trial it appeared that plaintiff purchased the farm in January, 1898, for $1,500, under a written contract with the owner, and that he has been in possession of it since that time under said contract, and has paid the interest and something on the principal each year. Evidence that the property was insured and that plaintiff received $850 from the insurance company was admitted for a certain purpose; but the court directed the jury to determine the case without reference to that, and plaintiff is not questioning it. At the close of the evidence defendant moved for a dismissal on the ground of nonjoinder of parties, in that the legal owner of the farm is not a party, that the insurance company is not a party, that defendant was not operating the mill at the time, and that there was no negligence on defendant's part. Decision was reserved, and the case was submitted to the jury, which rendered a verdict of $1,500, after which defendant renewed the motions made at the close of the evidence, and moved that the verdict be set aside and a new trial granted, upon the grounds that it is contrary to law, contrary to evidence, and against the weight of evidence, upon which decision was also reserved. The motion did not include excessive damages as a basis. In their brief defendant's attorneys argue that plaintiff is not the real party in interest, that defendant was not operating the mill at the time and that he was not negligent. The question of making the insurance company a party is not discussed.

[1, 2] At the time of the fire plaintiff was in possession of the farm under a written contract for its purchase. He had been in possession under said contract since January 1, 1898. Although . the purchase price had not been fully paid, he had the equitable title; and the owner had the legal title, but only as security for the payment of the purchase price. The owner was trustee for plaintiff of the legal title, and plaintiff was trustee for the owner of the purchase money. As equitable owner, plaintiff was entitled to any benefit accruing to the property, intermediate the execution of the contract and the conveyance, and any loss by fire or other cause, not due to the owner's fault, fell upon him; and, notwithstanding a loss, he remained liable for the purchase price. Sewell v. Underhill, 197 N. Y. 168, 90 N. E. 430, 27 L. R. A. (N. S.) 233, 134 Am. St. Rep. 863, 18 Ann. Cas. 795; McKechnie v. Sterling, 48 Barb. 330; Clarke v. Long Island Realty Co., 126 App. Div. 282, 110 N. Y. Supp. 697; 39 Cyc. 1303, 1304.

[3] The loss in question is therefore his loss, and not that of the owner, and he is entitled to maintain the action. Rood v. N. Y. & Erie R. R. Co., 18 Barb. 80; Gardner v. Heartt, 2 Barb. 165; Sparks v. Leavy, 19 Abb. Prac. 364; Clarke v. Long Island Realty Co., supra; Honsee v. Hammond, 39 Barb. 89. The Rood Case, supra, is

exactly in point.   Haynes v. Buffalo, N. Y. & P. R. R. Co., 38 Hun, 18, was an action on a covenant, and not against a wrongdoer.

The other points discussed involve questions of fact, which have been determined by the jury upon conflicting evidence, and their findings should not be disturbed by this court.

The motions are therefore denied.