In the Matter of the Application of HENRY G. LEIST for Payment of Awards Made for Parcels Nos. 168 and 168-A on the Damage Map in the Report of the Commissioners of Estimate and Assessment, in a Proceeding to Open Arthur Avenue, from Tremont Avenue to Pelham Avenue, in the Borough of The Bronx, City of New York.

In the Matter of the Application of ELIZABETH C. RIKER for Payment of Awards Made for Parcels Nos. 168 and 168-A on the Damage Map, etc., to Open Arthur Avenue, from Tremont Avenue to Pelham Avenue, in the Borough of The Bronx, City of New York.

First Department, October 24, 1919.

**Municipal corporations — city of New York — eminent domain — street opening proceeding — time of payment of award for damage to buildings — right to award for property actually taken after title thereto has passed to city constitutes personal property — when award does not pass to grantee.**

An award for damage to buildings by reason of the intended regulation of a city street is payable to the owners of the property at the time the street is regulated or graded.

Where at the time of a conveyance of property title to a portion thereof condemned by a city for street purposes had already passed, the right to an award for damages was personal property and could only pass by an assignment thereof and was not conveyed by the deed in the absence of a provision relating thereto.

CROSS-APPEALS in the first proceeding from an order of the Supreme Court, made at the New York Special Term directing the comptroller to pay certain awards for the widening of Arthur avenue in the borough of The Bronx to Elizabeth C. Riker.

Cross-appeals in the second proceeding from an order denying the petition of Henry G. Leist for the payment to to him of such awards.

*Samuel Stark* of counsel [*Henry H. Holbert*, attorney], for the appellant.

*Clarence C. Ferris*, for the respondent.

First Department, October, 1919.  [Vol. 189.

SMITH, J.:

The first award, called 168, is for property actually taken in the widening of the avenue. The second award, 168-A, is described in the report of the commissioners of estimate and assessment as for damage to buildings by reason of the intended regulation of the street. In the proceedings to acquire title the commissioners were appointed on November 14, 1896. The report of the commissioners was duly confirmed by an order entered on the 4th day of June, 1903. By resolution of the board of street opening, title to the lands required for said avenue was vested in the city of New York on the 1st day of June, 1897, pending the completion of the proceedings. Thereafter Arthur avenue was regulated and graded between June 28, 1898, and February 5, 1901.

As to the award 168-A, which is described by the commissioners as an award for damage to buildings by reason of the intended regulation of the street, this court is agreed. The law is well settled that that award is payable to the owners of the property at the time the street is regulated or graded. In *Matter of Mayor* [*Vyse Street*] (80 App. Div. 622) the law is stated in an opinion by Mr. Justice MCLAUGHLIN: " The damages to buildings located upon the line of a proposed street are to be ascertained, as far as can be, as of the time when the street is actually opened, and not when the city acquires title to the land." To this is cited *People ex rel. New York City Church* v. *Coler* (60 App. Div. 77) and *Matter of Rogers Place* (65 id. 1). It appears that the land here in question was actually taken and the grade changed, while the respondent Riker was the owner of these premises, and for which she was required to pay the sum of $800, so that in equity, as well as in law, she is entitled to that award.

As to the award 168 for the premises actually taken in the widening of Arthur avenue, we have reached a different conclusion. At the time of the conveyance by Leist to Regina Maier, under which the respondent claims as a subsequent grantee with a full covenant deed, the title to the property condemned by the city had already passed. While there might be an action by the grantee Maier against Leist for a breach of covenant, we do not find in the deed any words which expressly or by fair implication assume to assign the award

which should be made for the land which did not pass and which had been condemned. The right to that at the time of the giving of the deed to Maier was personal property and could only pass by an assignment thereof, and was not conveyed by the deed. Whether or not the grantee Maier, if she were here, could claim an estoppel as against her grantor, from claiming that title had passed before the giving of the deed, in view of his covenant in his deed, it is not necessary here to discuss. In the chain of title to the respondent we find the deed from Mary McManus to Charles E. McManus as well as the deed from Charles E. McManus to Bernard Theis to have been merely deeds of bargain and sale without full covenants. The full covenant deed given by Mary McManus to Bernard Theis after she had parted with her title to Charles E. McManus, does not repair the break in the chain of title from Regina Maier. This respondent, therefore, cannot claim, as assignee of Regina Maier, any right that she might have had to the award. (See *Matter of Mayor, Trinity Avenue,* 116 App. Div. 252; *King* v. *Mayor, etc.,* 102 N. Y. 171, 175; *Harris* v. *Kingston Realty Co.,* 116 App. Div. 704.)

The order denying the petition of Henry G. Leist should, therefore, be reversed, without costs, and motion granted so far as to direct payment of the award of $145, known as award 168, to the appellant Leist, with interest. The order directing payment of the awards to Elizabeth C. Riker should be modified by striking out the provision therein for the payment to Elizabeth C. Riker of the award of $145, known as award 168, and by providing that said award with interest be paid over to the appellant Leist, and as so modified affirmed, without costs.

CLARKE, P. J., DOWLING, PAGE and PHILBIN, JJ., concurred.

In the first proceeding: Order reversed, without costs, and motion granted to the extent stated in opinion. In the second proceeding: Order modified as stated in opinion and as modified affirmed, without costs. Orders to be settled on notice.