103 Park Avenue Company, Appellant, *v.* Exchange Buffet Corporation, Respondent, Impleaded with The City of New York and Charles L. Craig, as Comptroller of the City of New York, Defendants.

First Department, March 3, 1922.

Municipal corporations — city of New York — streets — change in grade — award of damages divided between owner of building and tenant of ground floor — action by owner to restrain comptroller from paying part of award to tenant and to have whole amount of award paid to owner — confirmation of award by board of revision of assessments res judicata as to amount only — confirmation not res judicata as to title to award — Greater New York charter, §§ 944 and 953, construed and applied — owner not required to wait till award paid to tenant but may restrain payment — Greater New York charter, § 951, as amended by Laws of 1920, chapter 786, providing for damages to lessees construed and held not applicable — complaint states cause of action.

The confirmation by the board of revision of assessments of the city of New York of an award, made by the board of assessors, for damages caused to a building by reason of a change in the grade of a street, which award divided the total damages between the tenant of the ground floor of the building and the owner of the building was, in an action by the owner to restrain the comptroller of the city of New York from paying to the tenant the amount awarded to it and to recover the total amount awarded, final and conclusive only as to the amount of the damages.

Said confirmation was not *res judicata* as to the title to the damages awarded, since the conclusiveness of the confirmation is distinctly limited by section 944 of the Greater New York charter to the amount of damages.

Furthermore, section 953 of the Greater New York charter provides, in effect, that in case any award shall be paid to any person not entitled thereto, the person to whom the award should have been paid may maintain an action to recover the amount, thus clearly indicating that the determination of the board of revision was not to be conclusive as to the title to the award.

It was not necessary for the plaintiff, if it was entitled to the amount directed to be paid to the tenant, to wait till it was actually paid over and then commence an action under section 953 of the Greater New York charter to recover it, but it had the right to proceed in equity to restrain the comptroller of the city of New York from paying the money over to the tenant until the title thereto could be determined.

The amendment of section 951 of the Greater New York charter by chapter 786 of the Laws of 1920, providing for damages to a lessee of premises did not change the statute so as to allow the filing of a claim by a lessee in cases in which the grading of the street shall have been accepted more than ninety days before the amendment, and it did not apply, therefore, to the present case as the grading was accepted more than ninety days before the amendment took effect.

Furthermore, the right of the lessee to damages under said section, as amended, could not cut down the right of the owner to the damages which had accrued prior thereto. This right to compensation was not an appurtenance to the land, but it became personalty and was vested in the then owner, and he could not be deprived of it by an act of the Legislature.

It was not intended by the amendment to section 951 to give a right to damages to a lessee of a portion of the premises, but it was the intention of the Legislature that the amendment should apply only to the lessee of the entire premises when

the right of possession thereof for a period of more than three years is vested in the lessee, and the right of the owner is in the reversion after the expiration of the lease.

The complaint states a cause of action.

Appeal by the plaintiff, 103 Park Avenue Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 23d day of November, 1921, granting the motion of the defendant Exchange Buffet Corporation to dismiss the complaint.

*James R. Deering,* for the appellant.

*Rippe & Michael* [*Maurice L. Rippe* of counsel], for the respondent.

Page, J.:

The complaint alleges the following facts: The plaintiff was on September 17, 1918, and prior thereto and on January 25, 1913, the owner of the premises No. 103 Park avenue, a steel, brick and stone twelve-story office building situated at the southeast corner of Park avenue and Forty-first street in the borough of Manhattan, extending 98 feet and 9 inches on Park avenue and 105 feet on Forty-first street, erected in conformity with the grade of Park avenue as theretofore duly established. On January 25, 1913, the plaintiff leased to the defendant Exchange Buffet Corporation the north and south stores on the ground floor and the rear of the basement of the premises for a term of twenty-one years, three months and six days at an annual rental of $16,000 for the first eleven years, three months and six days of the term, and $17,000 thereafter. This lease contained no covenant to make any alterations or repairs to the demised premises made necessary by a change of grade of the streets adjoining said premises. The lease was duly recorded.

That the city of New York, on September 17, 1918, pursuant to law as then provided in such cases, duly adopted a plan for the change of the grade of Park avenue adjoining the premises, which said plan was then duly established. This change of grade consisted of the erection in Park avenue of a viaduct occupying a large part of said avenue from Fortieth to Forty-second streets. The viaduct was constructed under contract with the city of New York, and was opened for traffic on or about August 16, 1919. The work was duly completed and accepted by the city on October 11, 1919. The plaintiff, at the time the change of grade was accepted by the city, as owner of the premises was, pursuant to the statutes then and in such case made and provided, entitled to be compensated for all the loss and injury caused to the said premises by said change of grade, and the right to said damages was vested in it pursuant

to chapter 619 of the Laws of 1918 and the Constitution of the State of New York. The board of assessors of the city of New York caused to be published notice for the filing of claims for the damages done by the change of grade on Park avenue pursuant to chapter 619 of the Laws of 1918, being then section 951 of the charter of the city of New York, and a proceeding was thus instituted to determine the damages caused by such change of grade.

The complaint further alleges that pursuant to law, the plaintiff, on January 6, 1920, duly filed with the board of assessors of the city of New York a claim in writing for its damage caused by the said change of grade. The defendant Exchange Buffet Corporation on or about December 9, 1919, and January 6, 1920, caused to be filed with the board of assessors a claim in writing for damages alleged to have been suffered by it as a lessee of part of said premises, as aforesaid, in consequence of said change of grade. Such notices were null and void and of no force, and defendant was not entitled to any part of the damages occasioned to plaintiff's premises by reason of the change of grade aforesaid. The board of assessors allowed the aggregate sum of $48,000 with interest thereon from October 11, 1919, for the total damage to premises 103 Park avenue for said change of grade. From and out of this total estimate of damage the board of assessors erroneously and unlawfully awarded to and in the name of defendant Exchange Buffet Corporation the sum of $36,000 with interest thereon. The deduction from the total amount of damages as found, and the certificate of award of said sum to and in the name of the defendant the Exchange Buffet Corporation, confirmed as aforesaid, was adopted by the board of assessors pursuant to said erroneous and arbitrary ruling or determination, in violation of the rights of the plaintiff, as appears by the official minutes of said proceeding as follows: "The former owner of 103 Park Avenue (meaning plaintiff) has filed a claim and the lessee of a part of 103 Park Avenue has also filed a claim. As any award made will be the difference in the amount of money that the building and other improvements added to the land before the viaduct was built and after; the amount so awarded to a lessee, whatever it may be, must be carved out of the total damage."

That upon objections duly made and filed the said board of assessors thereafter on appeal certified and reported to the board of revision of assessments of the city of New York its determination in respect to the damages found to have been sustained by various properties of claimants affected by the said change of grade, including the premises of the plaintiff, but from which total estimate of dam-

age of plaintiff's premises the sum of $36,000 and interest was, in accordance with said board of assessors' ruling or determination, as hereinbefore stated, erroneously and unlawfully deducted from the total amount of damage and awarded to and in the name of the defendant Exchange Buffet Corporation. The board of revision of assessments on March 21, 1921, confirmed said estimates of damage and thereafter the board of assessors erroneously or arbitrarily and in violation of law and the plaintiff's rights certified to the comptroller of the city of New York the said award for damages payable $12,000 and interest to plaintiff and $36,000 and interest to the defendant Exchange Buffet Corporation, and the comptroller threatens to and will, if not enjoined, pay said sum of said damages to the defendant Exchange Buffet Corporation. The total damage found to have been inflicted upon the said premises was the sole property of the plaintiff and to which sum or sums when so established the defendant Exchange Buffet Corporation had no right, title or interest, and under the statutes provided in such cases and the Constitution of the State of New York had no lawful claim for any part of said damages or award. The plaintiff demanded in writing of the defendant, the comptroller of the city of New York, payment of the said award and the whole thereof. The complaint concludes with the following: " Wherefore plaintiff demands that the defendants, City of New York and Charles L. Craig, as Comptroller of the City of New York, be forever enjoined and restrained from paying to the defendant Exchange Buffet Corporation the said amount of damages certified to be paid to it as herein stated, viz: $36,000 and interest from October 11, 1919, or any part of said sum, and that it be adjudged that the plaintiff is entitled thereto and have judgment therefor, and that the said sum be paid to the plaintiff, and that the respective rights of the parties hereto be thus adjudged and determined, and for such other and further relief as may be just and equitable, together with the costs of this action."

The defendant Exchange Buffet Corporation moved for judgment dismissing the complaint upon the grounds: (1) That the court has no jurisdiction of the subject of the action; (2) that the complaint does not state facts sufficient to constitute a cause of action; (3) that there is an existing final judgment or determination of a tribunal of competent jurisdiction rendered on the merits determining the same cause of action between the parties.

The facts in regard to objection of *res adjudicata* are stated in the affidavit upon which (with the complaint) the motion is made, and are as follows: That the plaintiff filed objections with the board of assessors on the ground that the award of ·$12,969 made by said board is less than the damage actually caused to the

fee value of the premises and is insufficient and inadequate compensation for the loss sustained and damage caused to the fee value by the grading and regulation of Park avenue and the erection of the viaduct; that no objections were filed by plaintiff to the award made to the Exchange Buffet Corporation; that the objections came up before the board of assessors and after a hearing the board overruled the same; that thereafter the objections were argued by counsel for plaintiff and defendant Exchange Buffet Corporation and the corporation counsel before the board of revision of assessments of the city of New York, and on March 21, 1921, the said awards were confirmed by the board of revision; that section 944 of the Greater New York charter, as amended by Laws of 1918, chapter 619, provides: " The confirmation of any such award by the board of revision of assessments shall be final and conclusive upon all parties and persons whomsoever with respect to the amount of damage sustained; " that all the facts alleged in the complaint were before the board of assessors and the board of revision of assessments, and that the determination of said boards constituted a final adjudication of the respective claims of the plaintiff and the defendant the Exchange Buffet Corporation, which determination can only be reviewed by certiorari.

It has, however, been expressly held that the determination of the board of revision cannot be reviewed by certiorari, except upon the question of jurisdiction, fraud and willful misconduct on the part of the officials composing the board. (*People ex rel. Crane v. Hahlo*, 228 N. Y. 309, 316.) In the instant case the plaintiff does not seek to review the determination as to the amount of damage sustained. It accepts the allowance of $48,000 as the total amount of damage to the premises 103 Park avenue, but it does claim that the defendant Exchange Buffet Corporation was not entitled to any part thereof. Section 953 of the Greater New York charter (Laws of 1901, chap. 466, as amd. by Laws of 1918, chap. 619) provides that the city shall within four months after confirmation pay to the parties entitled thereto the amount of the awards and: " In case any such award or compensation shall be paid to any person not entitled thereto, when the same ought to have been paid to some other person, it shall be lawful for the person to whom the same ought to have been paid to sue for and recover the same with interest and costs, as so much money had and received to his use by the person or persons respectively to whom the same shall have been so paid." It is not necessary that the party entitled to the money shall wait until it is paid over to the person not entitled to it. If the money after payment could be recovered in an action for money had and received, which

is an action at law based upon the equitable principle that the defendant has received money belonging to the plaintiff, which in equity and good conscience he is not entitled to retain, then certainly a court of equity can restrain the person holding the money from paying it over to one not entitled thereto. This is in effect an interpleader, holding the fund until a judicial determination of the rights of the parties to it can be determined and disposition thereof made according to the principles of equity and good conscience. (See *Hatch* v. *Mayor, etc.*, 82 N. Y. 436, 440.)

It is evident that the only thing that was finally and conclusively determined by the board of revision of assessments was the amount of the damage to the premises 103 Park avenue. To whom the damages should be awarded was not conclusively determined, but that remained a litigable question. These considerations dispose of two objections urged by the defendant — to the jurisdiction of the court, and that the matter was *res adjudicata.*

There remains the question of the sufficiency of the complaint. It is well settled that independent of a statute giving such right there is no right to recover damages for a change of grade of a street. (*Radcliff's Executors* v. *Mayor, etc., of Brooklyn*, 4 N. Y. 195; *Matter of Mayor* [*Perry Avenue*], 118 App. Div. 874; *Matter of Crane* v. *Craig*, 230 N. Y. 452, 457.) The statute at the time this change of grade was made and became effective gave a right to the damages suffered to the abutting owner. (Greater N. Y. Charter, § 951, as amd. by Laws of 1918, chap. 619.) The damage accrued on September 17, 1918, and by section 951 (*supra*) was estimated from the time the work was completed and accepted by the city authorities, *i. e.*, on October 11, 1919. The right to the damages to the premises 103 Park avenue then became vested in the owner of the premises (*Matter of Mayor* [*Vyse Street*], 80 App. Div. 622) and he would not lose the right to the award for such damages by a transfer of the property. (*Matter of Crane* v. *Craig, supra*, 460.) Under the statute the board of assessors are required to publish a notice specifying a time and place for claimants to present their claims. This was done in the instant case, and pursuant thereto the owner filed his claim. The defendant Exchange Buffet Corporation also filed its claim as a lessee of a portion of the premises. As, however, the said defendant had no right to damages at that time, this filing of a claim neither created a right in it nor gave it any standing in the proceeding.

In 1920 the Legislature amended section 951 by providing for damages to a lessee of the premises. (Laws of 1920, chap. 786, effective May 17, 1920.) It was therein provided: "This section as amended shall be applicable to any and all claims for damages

for change of grade now pending before the board of assessors of the city of New York and not heretofore confirmed."

The giving of the right to a lessee to damages was the creation of a new right that did not theretofore exist. It was not merely the enactment of a new remedy for an existing right. The requirement of the statute that " No award shall be made, in any case arising after the taking effect of this act, unless a claim in writing therefor shall have been filed with the board of assessors within ninety days after the grading shall have been completed and accepted by the city authorities in charge of the work. In cases in which the grading of the street has been completed at the time this act takes effect, no award shall be made unless a claim in writing therefor shall have been filed with the board of assessors prior to July first, nineteen hundred and sixteen," was not changed to allow the filing of a claim by a lessee in cases in which the grading of the street shall have been completed and accepted more than ninety days before the amendment. The time had expired before the taking effect of the amendatory act. It may have been an oversight on the part of the Legislature or it may have been intentional. We cannot assume that it was an oversight and amend the statute in this regard. The plain provisions of the act would limit the right of the lessee to those cases where proceedings for the change of grade had been commenced, in which the period of ninety days from the completion and acceptance of the work had not expired.

But, however that may be, in my opinion the right of the lessee to damages could not cut down, or take from, the right of the owner to the damages which had accrued prior thereto. This right to compensation was not an appurtenance to the land. It became personalty and was vested in the then owner, and he could not be deprived of it by an act of the Legislature.

I am further of opinion that the statute was not intended to give a right to damages to the lessee of a portion of the premises, but was intended only to apply to the lessee of the entire premises when the right of possession thereof for a period of more than three years is vested in the lessee, and the right of the owner is in the reversion after the expiration of the lease. To hold that a tenant of a small part of the building erected on the premises is entitled to have his damage ascertained and deducted from the owner's damage, and that every other lessee of other portions would have an equal right, would destroy the right of the owner to any compensation for the reduced rental value of the premises, after reversion. This being an office building twelve stories in height, such portion of the premises as were devoted to the common use of the tenants

remåined under the control and in possession of the owner, and for all that would appear the entire building with the exception of the two stores and a portion of the basement was in possession of the owner. If the Legislature had intended that the amendment should apply to a case where there were numerous lessees, each having term for years in a portion of the premises, apt words would have been used to express that intention; either " the lessee or lessees of the premises " or the " lessee of any portion thereof " would have been employed.

As the damages to the premises were ascertained to be $48,000 and the board of assessors wrongfully divided the amount between the plaintiff and the defendant Exchange Buffet Corporation, the complaint states facts, in my opinion, sufficient to constitute a cause of action.

The order will, therefore, be reversed, with ten dollars costs and disbursements, the objections overruled and the motion denied, with ten dollars costs, and the defendant allowed to serve an answer within ten days on the payment of costs.

CLARKE, P. J., DOWLING, SMITH and GREENBAUM, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, with leave to the defendant, respondent, to answer within ten days from service of order with notice of entry thereof upon payment of said costs.