In the Matter of the Application of PHILIP BRAICO and LOUISE BRAICO, as Assignees, Respondents, for Payment of an Award Made to ALFONSO VELTRIE and CELESTINA VELTRIE for Change of Grade Damage on Voorhies Avenue, Brooklyn, New York.

In the Matter of the Application of NORA MELLETT POWERS, Appellant, for Payment of Abutting Owner's Award for Change of Grade Damages on Voorhies Avenue, Borough of Brooklyn, City of New York.

Second Department, April 8, 1932.

*Charles A. Webber*, for the appellant.

*Louis M. Liebert*, for the respondents.

CARSWELL, J. Alfonso and Celestina Veltrie owned a lot on Voorhies avenue, Brooklyn, N. Y. It was subject to a mortgage in favor of the Atlantic Savings and Loan Association. That mortgage was foreclosed and a judgment obtained on October 30, 1930. A sale thereunder occurred on November 25, 1930. The property was bid in by the mortgagee for $3,000, which was less than the judgment.

On February 2, 1931, the mortgagee contracted to sell the property to Nora M. Powers. The mortgagee took a deed from the referee on March 9, 1931, and on March 10, 1931, it gave a deed to Nora M. Powers. The Veltries continued in possession of the parcel up to March 9, 1931. Nora M. Powers entered into possession on March 10, 1931. On January 13, 1931, a contract was made to change the grade of Voorhies avenue. On January 29, 1931, a trench was opened in Voorhies avenue, near the parcel in question, as the commencement of the work of changing the grade. On February 21, 1931, the entire length of Voorhies avenue, including the part that abutted the Veltries' parcel, was torn up and the street was closed to traffic. The work continued until May, 1931.

As a consequence of the street grading operation an award of $2,500 for damages was made on October 6, 1931, to the Veltries, who had been foreclosed by the judgment of October 30, 1930. Before the date of the award, and on September 26, 1931, the Veltries assigned their interest therein to the extent of $1,750 to Philip and Louise Braico. Both the Braicos and Nora M. Powers

filed claims to the award with the city comptroller. On November 6, 1931, the Braicos moved, on a petition, to compel the payment of the award to them. Nora M. Powers likewise moved, on a similar petition, on November 13, 1931, to get the award. The two proceedings were consolidated. The Special Term decided that the Braicos were entitled to the award. An order and a judgment were accordingly entered. Nora M. Powers appeals and asserts that the order and judgment should have directed the payment of the award to her. It was stipulated in this court that this appeal should be deemed to be from the order and the judgment. We think the Special Term erred.

Section 951 of the Greater New York Charter (Laws of 1901, chap. 466, as amd. by Laws of 1920, chap. 786) provides that such an award may be made to an abutting owner. The Veltries, the assignors of the Braicos, were not the abutting owners on January 29, 1931. (*Matter of Crane* v. *Craig*, 230 N. Y. 452, 460.) That case holds that the right to an award accrues as of the date when the actual physical change of grade occurs. The date of such change is a question of fact. It may be the date of the beginning of the work or some other date. The most favorable date to the Braicos is the day the job was begun — January 29, 1931. On that date their assignors, the Veltries, had been, by a judgment of foreclosure entered October 30, 1930, deprived of the title to the parcel. It may be, although it is not necessary so to decide, that on October 30, 1930, the mortgagee became the equitable owner to the extent of its judgment. The sale under the judgment did not take place until November 25, 1930. When the sale took place the buyer, to wit, the mortgagee, acquired the equitable title to the property or at least an equitable interest in anything that, after November 25, 1930, diminished the value of the fee as it existed on November 25, 1930, the day on which the mortgagee bid in the property. (*Reife* v. *Osmers*, 252 N. Y. 320; *Clarke* v. *Long Island Realty Co.*, 126 App. Div. 282; *Matter of Grade Crossing Commissioners*, 155 id. 808; affd. on this point, 209 N. Y. 139, 144; *Sewell* v. *Underhill*, 197 id. 168.)

In the *Reife* case, between the date of the contract to purchase certain real property and the date of the closing of title, a three-foot strip was taken by the municipality in condemnation proceedings to widen the street. The purchaser was held not to be justified in rejecting the title since the vendor was not at fault. The burden of the condemnation was required to be borne by the purchaser on the theory that she became " vested with an equitable interest in the award " made in the condemnation proceedings. The principle of the *Reife* case is conclusive herein, as the mortgagee,

as vendee, on November 25, 1930, was vested with an equitable interest in any award that might be made as a consequence of damage to the fee growing out of a change of grade. Such damage did accrue on January 29, 1931, while the mortgagee was the vendee of the property although it had not taken legal title thereto.

In the *Clarke* case, approved in the *Reife* case, it was held that the vendee under an executory contract for the purchase of land has the equitable title and that the vendor merely holds the title as security for the payment of the purchase money. In that case, after the contract was made, a portion of the premises was taken. in the exercise of the right of eminent domain. It was held that the damages thus awarded belonged to the vendee subject to the lien of the vendor, who holds the award as trustee for the vendee.

Respondents, the Braicos, seek to sustain their right to the award on the authority of *Harrigan* v. *Golden* (41 App. Div. 423). That case, in so far as it is contrary to the later *Clarke* and *Reife* cases, may not be followed. They likewise invoke *Cheney* v. *Woodruff* (45 N. Y. 98). It was there held that a purchaser at a foreclosure sale was not entitled to the rent of the premises accruing between the date of the purchase and the date of the delivery of the deed to him. That holding is not inconsistent with the *Reife* and *Clarke* cases. It does not there appear that the purchaser was the mortgagee. The rent during that period involved no element of permanent taking or diminishment of the fee. Such a situation is to be distinguished from the one involved herein. It is so indicated in the opinion of PECKHAM, J., where, after declaring the basis for the decision, he states: " The cases already cited establish that this doctrine of relation is a fiction for promoting justice; and though its application to this case is not recognized, I see no objection to its allowing a purchaser, after he receives his deed, *to maintain an action for any injury to the premises inflicted after his purchase.* It might, for that purpose, be placed upon the rule in equity, that what is agreed to be done is, in equity, regarded as already performed."

The change of grade herein diminished the value of the fee. It occurred after the date of purchase. Under the doctrine of relation just quoted, the vendee or its assignee became entitled to insist on being made whole for such damage as may have occurred, by reason of the change of grade, after the premises had been bought by the vendee but before legal title had vested in it.

There can be no distinction in principle between an award in condemnation proceedings and an award of damages to an abutting

owner by reason of a change of grade, where the right to either accrues between the private sale date, or the sale in judicial proceedings, and the date when the deed is delivered. In both situations, that which is damaged or lessened is the corpus of the estate and, therefore, the recoupment for such damage to the value of the fee should go to the one who suffers the damage, that is, the one who is asked to take a different thing from that which was in existence on the date the contract of purchase was made. Equity will consider that done which should have been done. In the case at bar the mortgagee was entitled to take a deed from the referee when it bought the property on the judicial sale immediately upon its bid being accepted, especially when the bid price was less than the amount of the judgment. The refraining from taking title until March 9, 1931, did not lessen the rights of the mortgagee or purchaser in the premises so far as they relate to the value of the fee.

Therefore, the Braicos are not entitled to the award. The one to whom the award should be paid is either the Atlantic Savings and Loan Association or the appellant, Nora M. Powers. The association made a contract to sell the property to appellant on February 2, 1931, four days after the change of grade job was begun. The deed was delivered to appellant and possession of the premises taken on March 10, 1931. We are informed that there is no conflict between the association and Powers as to whom this award belongs. Powers is represented herein by the attorney for the association. It must be that the February 2, 1931, contract or the March 10, 1931, deed, or both (*Matter of Leist*, 189 App. Div. 155), vested or were intended to vest the amount of the award in Powers. This fact, however, is before us only in an informal way.

Accordingly, upon the filing of a duly executed consent by the Atlantic Savings and Loan Association that the award should be paid to Powers as a consequence of the intention that she should become entitled to it under either the contract or the deed, or both, an order directing judgment in favor of Powers will be entered, with costs to appellant. If such a consent be not filed, the present state of the record requires that the order and judgment herein be reversed and both petitions dismissed, without costs.

The order and judgment should be reversed on the law and the facts, with costs to appellant, Nora M. Powers, the petition of respondents dismissed, and the petition of appellant granted, with costs, upon the filing by the Atlantic Savings and Loan Association, within ten days from the entry of the order herein, of a duly executed

consent to the payment of the award to her. Should such consent be not filed, the judgment and order should be reversed on the law and the facts, without costs, and both petitions dismissed.

LAZANSKY, P. J., YOUNG, KAPPER and HAGARTY, JJ., concur.

Order and judgment reversed on the law and the facts, with costs to appellant, Nora M. Powers, the petition of respondents dismissed, and the petition of appellant granted, with costs, upon the filing by the Atlantic Savings and Loan Association, within ten days from the entry of the order herein, of a duly executed consent to the payment of the award to her. Should such consent be not filed, the judgment and order are reversed on the law and the facts, without costs, and both petitions dismissed. Settle order on notice.