In the Matter of the Application of THE CITY OF NEW YORK, Relative to Acquiring Title Wherever the Same Has Not Been Heretofore Acquired for the Same Purpose in Fee to the Real Property Required for the Public Park, Bounded by 155th (15th) Street, 29th (Bayside) Avenue, 159th Street, and 32d (Myrtle) Avenue, and for the Opening and Extending of 29th (Bayside) Avenue from 155th Street to 159th Street, and Other Streets Consolidated Therewith, in the Borough of Queens, City of New York. In the Matter of the Application of JOHN P. DALY for Payment of Award Made for Damage Parcels Nos. 23, 24, 25 and 26 in the Proceedings to Acquire Title to Public Park Bounded by 155th (15th) Street, 29th (Bayside) Avenue, etc., in the Borough of Queens, City of New York. In the Matter of the Cross-Motion of HERMAN JACOBSON, FREDERICK PRISCO, E. STEWART WILLEY and CARL S. HEIDENREICH for Payment of Said Awards in Said Proceedings to Said Cross-Movants. JOHN P. DALY, Petitioner-Appellant; HERMAN JACOBSON, FREDERICK PRISCO, E. STEWART WILLEY and CARL S. HEIDENREICH, Claimants-Respondents.— Order made the 21st day of October, 1935, reversed on the law, without costs, and matter remitted and referred to an official referee to take proof and report to the Special Term as to the merits of the controversy between the parties. Appeal from order dated the 9th day of September, 1935, dismissed. In our opinion the respective rights of the claimants cannot be determined on the basis of the present record. We are not informed as

to the location of the damage parcels and are unable to ascertain whether they comprise part of the acreage described in the contract and deeds or whether they consist of the beds of Bayside avenue and Whitestone road, or portions thereof, which are said to adjoin the described premises. If they consisted of part of the acreage, then, under the terms of the contract, the seller had the option of crediting the purchaser at the rate of $3,500 an acre for the portions so taken, or, in the alternative, of crediting or assigning the awards, and if this was not done this right might be enforced by appropriate action. If they consisted of the beds of the two named streets, then the contract provision with respect to condemnation awards is not operative, as it relates solely to acreage, and the awards belong to the vendee or its successors in interest under the general rule. (*Clarke* v. *Long Island Realty Co.*, 126 App. Div. 282; *Matter of City of New York* [*Edgewater Road*], 138 id. 203, 207; affd., without opinion, 199 N. Y. 560; *Reife* v. *Osmers*, 252 id. 320.) Even in the latter event, this record does not establish the right of the respondents to claim the awards. The property itself was conveyed to one Eugenia Evans, and the relationship between the respondents and Evans is not shown. If she took title as an assignee of the contract, the awards would belong to her. Lazansky, P. J., Young, Hagarty, Johnston and Taylor, JJ., concur. Settle order on notice.