THE NATIONAL CITY BANK OF CLEVELAND and GROVER H. HULL, as Trustees under First Mortgage Trust Deed from THE CLEVELAND AND BUFFALO TRANSIT COMPANY to THE UNION TRUST COMPANY and GROVER H. HULL, Plaintiffs, v. THE CLEVELAND AND BUFFALO TRANSIT COMPANY and THE AMERICAN SHIP BUILDING COMPANY, Defendants.

Fourth Department, June 30, 1936.

*Kenefick, Cooke, Mitchell, Bass & Letchworth* [*William P. Stewart* of counsel], for the plaintiffs.

*Brown, Ely & Richards* [*David S. Jackson* of counsel], for the defendants.

CROSBY, J.   This controversy is submitted upon a stipulated set of facts, pursuant to sections 546 and 547 of the Civil Practice Act. The plaintiffs are trustees under a trust deed given to secure an issue of bonds owed by the defendant The Cleveland and Buffalo Transit Company which owns the land and other properties covered by the trust deed.   There has been a default in payment of interest on the bonds since February 1, 1932, but no foreclosure suit has been begun and no receiver appointed.   On February 2, 1932, the city of Buffalo blocked off the street abutting the real property of the defendant The Cleveland and Buffalo Transit Company, and, on November 11, 1932, began the physical alterations that resulted in a change of street grade.

The Charter of the City of Buffalo (Buffalo Local Laws of 1927, Local Law No. 4, § 367, published in Local Laws of 1932, p. 21) provides as follows: " When the city shall alter the recorded grade of any street or alley, the owner of any property in front of whose premises the grade is so altered may within one year thereafter present a claim to the city clerk for damages caused by such alteration."

And then follow provisions for determining the damage.   Within the year claims for damages were filed by both the defendant The Cleveland and Buffalo Transit Company, owner of the real property damaged, and the plaintiffs, as trustees under the trust deed, or mortgage as we shall call it.   An award was made, which, with interest included, amounted to $35,843.69.   After the payment of certain expenses, as to which there is no dispute, there remained $31,660.98 for payment to the party entitled thereto.   This amount is claimed by the defendant The Cleveland and Buffalo Transit Company, owner, and also by the plaintiffs, as trustees for the benefit of the holders of the mortgage bonds.   The contending parties stipulated that, pending the determination of their respective claims, the money should be paid to the nominal defendant The American Ship Building Company, which was authorized to use a portion of the money in making certain repairs on the vessels owned by the principal defendant, and to hold the balance subject to the determination of the present controversy.   The claims of The American Ship Building Company are not disputed in any way, and its position in the case is merely that of a stakeholder of the fund.   The only question in the case, as stated in the stipulation of facts, is: " Whether, subject to the agreed rights and interests

of defendant, The American Ship Building Company, therein, the net proceeds of such award are payable to said defendant, The Cleveland and Buffalo Transit Company, free of the lien of the said First Mortgage Trust Deed; or whether such net proceeds, are payable to plaintiffs as such Trustees, to be by them held and applied according to the provisions of said Trust Deed."

The determination of this question depends upon the intention of the parties as expressed in the so-called trust deed, or mortgage. None of the mortgaged property was taken by the city of Buffalo. The award was not made in a condemnation proceeding. At common law no damages are collectible for injury to property caused by change of street grade. (*Sauer* v. *City of New York*, 180 N. Y. 27.)

The collectible damages, here, are purely statutory, and are payable to " the owner of any property in front of whose premises the grade is * * * altered." (Buffalo Charter, § 367.) The question is whether or not the owner, by the terms of its mortgage, has included, within the property mortgaged, money collected for damages thereafter caused to the property by a change of street grade.

The seeming conflict between the cases cited in the opposing briefs is due to the different facts in the various cases. Among other cases plaintiffs rely upon the case of *Central Trust Co. of New York* v. *Morton Trust Co.* (200 N. Y. 577), where it was held that the mortgagee was entitled to the award of damages for change in the grade of a street. However, in that case, the right to the award had become vested in the mortgagor prior to the date of the mortgage, and the mortgage covered intangible property in the broadest terms, including " rights," " privileges " and " other rights or interests."

In another case, relied upon by plaintiffs (*Bank of Auburn* v. *Roberts*, 44 N. Y. 192), there was a complete abandonment of the highway (a water highway in that case) where damages did not depend upon statute but rested upon a common-law right, bringing the case within the doctrine of the case of *Utter* v. *Richmond* (112 N. Y. 610).

In *Matter of Braico* (235 App. Div. 132; affd., 260 N. Y. 625), another case relied upon by plaintiffs, it was said that " There can be no distinction in principle between an award in condemnation proceedings and an award of damages to an abutting owner by reason of a change of grade, where the right to either accrues between the private sale date, or the sale in judicial proceedings, and the date when the deed is delivered. In both situations, that which is damaged or lessened is the corpus of the estate, and, therefore, the recoup-

ment for such damage to the value of the fee should go to the one who suffers the damage, that is, the one who is asked to take a different thing from that which was in existence on the date the contract of purchase was made."

But in that case the damage by change of grade was caused after a foreclosure of the mortgage had been had, and indeed after the mortgagee had bid in the property at a foreclosure sale, although he had not yet received his deed.

On the other hand, it was held in the case of *East Brooklyn Savings Bank* v. *Leibner* (232 App. Div. 763; affd., 256 N. Y. 596) that " The respondent, as mortgagee, has no interest in the award made for change of grade. Without authority of the statute, a mortgagee has no claim thereon. (*103 Park Avenue Co.* v. *Exchange Buffet Corp.*, 200 App. Div. 111.) The Greater New York Charter does not authorize any interest in a mortgagee in such an award."

That case arose under a charter provision for an award of damages to the " owner " of property damaged by a change of grade. I am of opinion that the owner of the land, the defendant, is entitled to the award unless we can find in the mortgage itself an expression of intent to include among the properties mortgaged this after-acquired chose in action, for that is what the award is. It is not included in the " appurtenances " to the land, mentioned in the mortgage, for it has been held that a deed of land does not carry with it the right to damages occasioned to the land by a change of grade, where the damages were caused before the deed was given. (*Matter of Crane* v. *Craig*, 230 N. Y. 452, 460.)

I do not see how this award of money could be said to be included in the term " franchises," included in the mortgage.

" A franchise is defined to be a special privilege conferred by government on individuals or corporations, and which does not belong to citizens of the country generally by common right." (*Smith* v. *Mayor*, 68 N. Y. 552, 555.)

The owner has no franchise or easement in this street more than anybody else.

Under the heading " Personal Property," the mortgage included many things, all of them, however, being tangibles, and " cash " was expressly excluded. Under the heading " After Acquired Property," there was included in the mortgage " All personal property *as above described* that may hereafter at any time belong to the Company " (defendant). But the words " as above described " refer to the tangibles before mentioned, where " cash and other current assets " are expressly excluded from the mortgage.

We now come to a paragraph of the mortgage that is especially important both for what it does and what it does not say: " If

any part of the Trust Estate shall be taken upon eminent domain, the entire compensation awarded to the Company therefor, including any amount on account of damage to the remainder of the property, shall be paid to the Corporate Trustee, and the Trustees shall have power to release said property from the lien of this Mortgage."

If it was intended to mortgage the chose in action here involved such intention would naturally have been expressed at this point. As before stated, no property was taken under the power of eminent domain.

It remains to consider one other important provision of the mortgage: " Together with all the rights of said Company, in and to South Michigan and Ganson Streets, and its riparian rights in the Buffalo River adjoining said premises, if it has any rights therein, but it does not covenant or warrant that it has any rights in said streets or river."

Of course, the mortgagor did have rights in Michigan street, but none but what were enjoyed by everyone else having occasion to use the street. The award was made, not for damage to the street, but for damage to the property by changing the grade of the street.

We are unable to find, in the terms of the mortgage itself, anything to warrant the belief that the parties intended to include in the mortgaged property a future award for damages occasioned by changing the grade of the street. Had it been so intended it would have been easy enough to so phrase the mortgage as to include it. In the absence of such a provision it must be assumed that each party assumed the risk of damages so occasioned. Fortunately for the defendant the statute undertakes to compensate the owner for his damage, but it makes no such provision for the mortgagee.

It must be admitted that there are equities strongly favoring the contention of the plaintiffs. The security which they took has been depleted, and payment to them would not only benefit the security holders, but would satisfy the natural desire of the mortgagor to pay its debts. But equity cannot undertake either to remake the statute or to rephrase the contract voluntarily entered into by the parties.

The parties stipulated to have this controversy determined without costs.

The submitted controversy should be determined in favor of the defendants, without costs.

All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB, THOMPSON and CROSBY, JJ.

Submitted controversy determined in favor of the defendants, without costs.